**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BASIL AGAPION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-1596<br><br>Judge Loren A. Smith |
| CHAPMAN/SPRING GARDEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-1942<br><br>Judge Loren A. Smith |
| GOODHUE PARTNERS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 21-0087<br><br>Judge Loren A. Smith |
| FAYE MOHORN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 21-0546<br><br>Judge Loren A. Smith |

| | |
|---|---|
| HELEN C. WOOD, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 21-2143 <br><br> Judge Loren A. Smith |
| MATTHEW K. BLACK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 22-0010 <br><br> Judge Loren A. Smith |

**PLAINTIFFS' COMBINED MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES AND INCORPORATED MEMORANDUM IN SUPPORT**

**LEWIS RICE, LLC**

Lindsay S.C. Brinton
Meghan S. Largent
Michael Armstrong
600 Washington Ave., Suite 2500
St. Louis, MO 63101
(314) 444-7723
(314) 612-7723 (facsimile)
lbrinton@lewisrice.com
mlargent@lewisrice.com
marmstrong@lewisrice.com

*Attorneys for Plaintiffs*

**TUGGLE DUGGINS, P.A.**

J. Nathan Duggins, III
Michael S. Fox
Jason B. Sparrow
100 North Greene St., Suite 600
Greensboro, North Carolina 27402
(336) 271-5244
(336) 274-6590 (facsimile)
nduggins@tuggleduggins.com
mfox@tuggleduggins.com
jsparrow@tuggleduggins.com

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................ 1

    A.  Overview.................................................................................................... 1

    B.  Case Specific............................................................................................. 2

II.  BACKGROUND AND PROCEDURAL POSTURE ......................................... 4

    A.  *Agapion*: October 15, 2019 through February 2022 ............................... 4

    B.  *Chapman*: December 23, 2019 through February 2022........................... 5

    C.  First Trial in *Agapion* and *Chapman* ...................................................... 6

    D.  Remaining Plaintiffs in *Agapion* and *Chapman* .................................... 6

    E.  *Goodhue*: Inception to May 2022 ........................................................... 6

    F.  *Mohorn*: Inception to May 2022 ............................................................ 8

    G.  *Wood*: Inception to May 2022................................................................ 9

    H.  *Black:* Inception to May 2022................................................................. 9

    I.  May 2022-August 2022:  All six cases before this Court with trial settings in December 2022 (*Agapion* and *Chapman*) and March 2023 (*Goodhue, Mohorn, Wood*, and *Black*) ................................................................. 10

    J.  Numerous motions filed; *Agapion* and *Chapman* moved to February 2023 trial ........................................................................................................ 11

    K.  Consolidated trial set for all six cases in April 2023 ............................ 13

    L.  Claims dismissed in *Goodhue* and *Mohorn* ........................................ 13

    M.  Trial moved to begin September 2023; referral to ADR ...................... 14

    N.  Second trial conducted in September 2023............................................ 16

    O.  Opinion and Judgment issued in first *Agapion* and *Chapman* trial, including appeal, and dismissal of appeal................................................................ 16

    P.  First Fee Motion for *Agapion* and *Chapman* ...................................... 17

    Q.  The Court rules on all other pending motions ...................................... 18

    R.  Trial Opinion and Judgment issued in Second Trial............................. 19

III.    ARGUMENT IN SUPPORT OF THE MOTION PLAINTIFFS' ATTORNEYS' FEES AND LITIGATION EXPENSES .......................................................................... 20

    A.    The "lodestar" method—calculating reasonable hours multiplied by a reasonable rate—is the universally accepted method for calculating attorneys' fees reimbursable under the URA and should be used here. ............... 20

        1.    The first step of the lodestar method is a determination of the number of hours reasonably expended. ..................................................... 21

        2.    The second step of the lodestar method is a determination of a reasonable hourly rate. The "forum rule" provides the basis for the prevailing market rate for calculating attorneys' fees............................... 22

    B.    Motion Plaintiffs have provided "adequate evidence" to support a finding that the usual and customary rates for Lewis Rice and Tuggle Duggins are reasonable. ...................................................................................................... 24

        1.    Lewis Rice's usual and customary rates are reasonable. .......................... 25

        2.    Tuggle Duggins' usual and customary rates are reasonable..................... 30

    C.    Motion Plaintiffs have provided "adequate evidence" of the hours worked in these matters, and the reasonability of those hours. ......................................... 31

        1.    *Agapion* – The 1,069.2 hours worked, as depicted in Exhibit D-1 and D-3, are reasonable, as is the total amount of attorneys' fees requested: $496,615.00. ............................................................................ 32

        2.    *Chapman* – The 937.9 hours worked, as depicted in Exhibits E-1, E-3, and F, are reasonable, as is the total amount of attorneys' fees requested: $450,025.00. ............................................................................ 34

        3.    *Goodhue* – The 1,164.2 hours worked, as depicted in Exhibit G-1, are reasonable, as is the total amount of attorneys' fees requested: $490,253.50............................................................................................... 35

        4.    *Mohorn* – The 1390.0 hours worked, as depicted in Exhibits H-1 and I, are reasonable, as is the total amount of attorneys' fees requested: $570,583.00............................................................................................... 36

        5.    *Wood* – The 863.7 hours worked, as depicted in Exhibits J-1 and K, are reasonable, as is the total amount of attorneys' fees requested: $344,467.00............................................................................................... 38

        6.    *Black* – The 687.0 hours worked, as depicted in Exhibits L-1, are reasonable, as is the total amount of attorneys' fees requested: $309,079.50............................................................................................... 39

D.    Motion Plaintiffs have provided "adequate evidence" of their reasonable litigation expenses................................................................................. 41

IV.    CONCLUSION.......................................................................................................... 42

# TABLE OF AUTHORITIES

**Cases**

*Avera v. Sec'y of HHS,*
515 F.3d 1343 (Fed. Cir. 2008)................................................................... 22, 23

*Axiom Prod. Admin., Inc. v. O'Brien,*
No. 4:20-CV-01333-MTS, 2024 WL 1655389 (E.D. Mo. Apr. 17, 2024)....................... 29

*Biery v. United States,*
818 F.3d 704 (Fed. Cir. 2016).................................................................... 21

*Blum v. Stenson,*
464 U.S. 886 (1984)............................................................................ *passim*

*Bradley v. United States,*
164 Fed. Cl. 236 (2023) ....................................................................... 21, 23, 29

*Bradley v. United States,*
179 Fed. Cl. 660 (2025) ....................................................................... 20

*Brandon v. Bd. of Educ. of City of St. Louis,*
No. 4:22-CV-00635-SRC, 2025 WL 3723823 (E.D. Mo. Dec. 23, 2025) ....................... 29

*Bratcher v. United States,*
136 Fed. Cl. 786 (2018) ....................................................................... 21, 23

*Bywaters v. United States,*
670 F.3d 1221 (Fed. Cir. 2012)................................................................. *passim*

*Caldwell v. UniFirst Corp.,*
733 S.W.3d 576 (Mo. Ct. App. 2026)........................................................... 29

*Campbell v. United States,*
138 Fed. Cl. 65 (2018) ........................................................................ 23, 28

*Caquelin v. United States,*
959 F.3d 1360 (Fed. Cir. 2020)................................................................ 12

*City of Burlington v. Dague,*
505 U.S. 557 (1992)........................................................................... 21

*Cumberland Mountains, Inc. v. Hodel,*
857 F.2d 1516 (D.C. Cir. 1988)................................................................ 27

*Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA,*
169 F.3d 755 (D.C. Cir. 1999)................................................................. 23

*Design & Prod., Inc. v. United States,*
    20 Cl. Ct. 207 (1990) ....................................................................................... 22

*Eley v. Dist. of Columbia,*
    793 F.3d 97, 100 (D.C. Cir. 2015) .................................................................. 27

*Greenwood v. United States,*
    131 Fed. Cl. 231 (2017) ................................................................................... 21

*Gregory v. United States,*
    110 Fed. Cl. 400 (2013) ................................................................................... 28

*Hardy v. United States,*
    157 Fed. Cl. 464 (2021) ................................................................................... 28

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)................................................................................. *passim*

*Horne v. Dept. of Agriculture,*
    576 U.S. 350 (2015).......................................................................................... 2

*Hyatt v. United States,*
    174 Fed. Cl. 643 (2025) ............................................................................ 23, 29

*Knick v. Township of Scott,*
    588 U.S. 180 (2019).......................................................................................... 2

*Kotis Assoc., LLC v. United States,*
    179 Fed. Cl. 650 (2025) .................................................................... 19, 23, 29

*Laffey v. Northwest Airlines, Inc,*
    572 F. Supp. 354 (D.D.C. 1983) .................................................................... 27

*Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.,*
    487 F.2d 161 (3d Cir. 1973)............................................................................ 20

*Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.,*
    540 F.2d 102 (3d Cir. 1976)............................................................................ 20

*Malloy v. Trileaf Corp.,*
    No. 4:24 CV 506 CDP, 2026 WL 763787 (E.D. Mo. Mar. 18, 2026)............. 29

*McCarty v. United States,*
    142 Fed. Cl. 616 (2019) ............................................................................ 22, 23

*Missouri Primate Found. v. People for Ethical Treatment of Animals, Inc.,*
    No. 4:16-CV-02163-SRC, 2025 WL 2970132, (E.D. Mo. Oct. 21, 2025)....... 29

*Moore v. United States*,
　　63 Fed. Cl. 781 (2005) ................................................................................. 21

*Nicholson v. United States*,
　　174 Fed. Cl. 664 (2025) ............................................................................... 29

*Oliveira v. United States*,
　　827 F.2d 744 (9th Cir. 1987) ....................................................................... 41

*Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*,
　　478 U.S. 546 (1986) ............................................................................... 21, 29

*Perdue v. Kenny A. ex rel. Winn*,
　　559 U.S. 542 (2010) ..................................................................................... 21

*Preseault v. United States*,
　　100 F.3d 1525, 1533 (Fed. Cir. 1996) (*en banc*) ........................................ 1, 2

*Preseault v. United States*,
　　494 U.S. 1 (1990) ........................................................................................... 1

*Preseault v. United States*,
　　52 Fed. Cl. 667 (2002) ............................................................................ 24, 32

*Pressly v. United States*,
　　No. 18-1964, 2025 WL 1780947 (Fed. Cl. May 12, 2025) ...................... 28, 29

*R.C. Const. Co., Inc. v. United States*,
　　42 Fed. Cl. 57 (Fed. Cl. 1998) ................................................................... 41

*Stimson Lumber Co. v. United States*,
　　154 Fed. Cl. 694 (2021) ..................................................................... 21, 22, 23

*Toews v. United States*,
　　376 F.3d 1371 (Fed. Cir. 2004) ..................................................................... 1

*Voth Oil Co., Inc. v. United States*,
　　108, Fed. Cl. 98 (2012) ................................................................................ 21

*Whispell Foreign Cars, Inc. v. United States,*
　　139 Fed. Cl. 386 (2018) ............................................................................... 23

**Statutes**

National Trail Systems Act of 1983,
　　Pub. L. No. 98-11, 97 Stat. 42, 16 U.S.C. §§ 1241 *et seq*. (the "Trails Act") ........... *passim*

Tucker Act of 1887,
　　24 Stat 505, 28 U.S.C. §§ 1491, *et seq*. ..................................................... 2, 20

Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970,
Pub. L. No. 91-646, 84 Stat. 1894, 42 U.S.C. § 4654 (the "URA") ......................... *passim*

**Rules**

Rule 15 of the Rules of the United States Court of Federal Claims ............................................ 14

Rule 30 of the Rules of the United States Court of Federal Claims ...................................... 13, 19

Rule 32 of the Rules of the United States Court of Federal Claims ............................................ 13

Rule 41 of the Rules of the United States Court of Federal Claims ............................................ 13

Rule 54 of the Federal Rules of Civil Procedure ............................................................................ 1

Rule 54 of the Rules of the United States Court of Federal Claims ............................................. 1

**TABLE OF TRIAL PLAINTIFFS BY CASE[1]**

| Case | Plaintiffs |
|---|---|
| *Agapion* | GCP Real IV, LLC |
| *Agapion* | Guilford Builders Supply Co. |
| *Agapion* | Emily Elizabeth Owen |
| *Chapman* | JESC, LLC |
| *Goodhue* | Goodhue Partners, LLC |
| *Goodhue* | William M. & Dora G. Nelson, Jr. |
| *Goodhue* | Darlene R. Stanley |
| *Goodhue* | Kenneth M. Plott & Cynthia L. Toy |
| *Mohorn* | Faye K. Mohorn |
| *Mohorn* | Robert S. Tury |
| *Mohorn* | Mary Anton (two properties) |
| *Mohorn* | Davenport Energy, LLC |
| *Mohorn* | One Step Further, Inc. |
| *Mohorn* | Sam's Commercial Properties, LLC |
| *Mohorn* | Whilden Place Homeowners Ass'n |
| *Wood* | Helen C Wood, LLC |
| *Wood* | Joseph Campbell |
| *Wood* | Colleen McNickle |
| *Black* | Matthew K. Black |
| *Black* | Charrisa R. Raynor |

| Case | Plaintiffs | Claims |
|---|---|---|
| *Agapion* | 3 | 3 |
| *Chapman* | 1 | 1 |
| *Goodhue* | 4 | 4 |
| *Mohorn* | 7 | 8 |
| *Wood* | 3 | 3 |
| *Black* | 2 | 2 |
| *Total* | 20 | 21 |

---

[1] The six matters are *Basil Agapion et al. v. United States*, 19-cv-1596-LAS ("*Agapion*"), *Chapman/Spring Garden et al. v. United States*, 19-cv-1942-LAS ("*Chapman*"), *Goodhue Partners, LLC et al. v. United States*, 21-cv-0087-LAS ("*Goodhue*"), *Faye Mohorn et al. v. United States*, 21-cv-0546-LAS ("*Mohorn*"), *Helen C. Wood, LLC et al. v. United States*, 21-cv-2143-LAS ("*Wood*"), and *Matthew K. Black et al. v. United States*, 22-cv-00010-LAS ("*Black*").

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| **A** | Lewis Rice spreadsheet of attorney and staff fees and litigation expenses through Apr. 3, 2024 in *Agapion* (as filed as Exhibit A to first *Agapion* Fee Motion (*Agapion*, ECF No. 287-1) |
| **B** | Lewis Rice spreadsheet of attorney and staff fees and litigation expenses through Apr. 3, 2024 in *Chapman* (as filed as Exhibit A to first *Chapman* Fee Motion (*Chapman*, ECF No. 233-1) |
| **C** | Tuggle Duggins spreadsheet of attorney and staff fees through Apr. 3, 2024 in *Chapman* (filed as Exhibit G to first *Chapman* Fee Motion (*Chapman*, ECF No. 233-7) |
| **D** | **D-1:** Lewis Rice spreadsheet of attorney and staff fees, beginning at case inception through Apr. 3, 2024 for *Agapion* claims not addressed by settlement. |
| | **D-2:** Lewis Rice spreadsheet of litigation expenses, beginning at case inception through Apr. 3, 2024 for *Agapion* claims not addressed by settlement. |
| | **D-3:** Lewis Rice spreadsheet of attorney and staff fees, beginning Apr. 4, 2024 through July 13, 2026 in *Agapion* |
| | **D-4:** Lewis Rice spreadsheet of litigation expenses, beginning Apr. 4, 2024 through July 13, 2026 in *Agapion* |
| **E** | **E-1:** Lewis Rice spreadsheet of attorney and staff fees, beginning at case inception through Apr. 3, 2024 for the *Chapman* claim not addressed by settlement. |
| | **E-1:** Lewis Rice spreadsheet of litigation expenses, beginning at case inception through Apr. 3, 2024 for *Chapman* claim not addressed by settlement. |
| | **E-3:** Lewis Rice spreadsheet of attorney and staff fees, beginning Apr. 4, 2024 through July 13, 2026 in *Chapman* |
| | **E-4:** Lewis Rice spreadsheet of litigation expenses, beginning Apr. 4, 2024 through July 13, 2026 in *Chapman* |
| **F** | Tuggle Duggins spreadsheet of attorney and staff fees in Chapman, solely related to the sole Chapman Plaintiff JESC, LLC. |
| **G** | **G-1:** Lewis Rice spreadsheet of attorney and staff fees in *Goodhue* through July 13, 2026 |
| | **G-2:** Lewis Rice spreadsheet of litigation expenses in *Goodhue* through July 13, 2026 |
| **H** | **H-1:** Lewis Rice spreadsheet of attorney and staff fees in *Mohorn* through July 13, 2026 |
| | **H-2:** Lewis Rice spreadsheet of litigation expenses in *Mohorn* through July 13, 2026 |
| **I** | Tuggle Duggins spreadsheet of attorney and staff fees and litigation expenses in *Mohorn* |

| Exhibit | Description |
|---|---|
| J | **J-1**: Lewis Rice spreadsheet of attorney and staff fees in *Wood* through July 13, 2026 |
| | **J-2:** Lewis Rice spreadsheet of litigation expenses in *Wood* through July 13, 2026 |
| K | Tuggle Duggins spreadsheet of attorney and staff fees and litigation expenses in *Wood* |
| L | **L-1:** Lewis Rice spreadsheet of attorney and staff fees in *Black* through July 13, 2026 |
| | **L-2:** Lewis Rice spreadsheet of litigation expenses in *Black* through July 13, 2026 |
| M | Declaration of Lindsay S.C. Brinton (Lewis Rice) |
| N | Declaration of J. Nathan Duggins, III (Tuggle Duggins) |
| O | Declaration by Richard B. Walsh, Jr. |
| P | Declaration of Emily E. Cantwell |
| Q | Declaration by Diane Lacey, recently filed in *Collective Edge v. United States*, No. 20-cv-0034 (ECF No. 202-8) |
| R | Declaration of William Marshall Kotis, III |
| S | Lewis Rice invoices greater than $100 for *Agapion* |
| T | Lewis Rice invoices greater than $100 for *Chapman* |
| U | Lewis Rice invoices greater than $100 for *Goodhue* |
| V | Lewis Rice invoices greater than $100 for *Mohorn* |
| W | Lewis Rice invoices greater than $100 for *Wood* |
| X | Lewis Rice invoices greater than $100 for *Black* |

## I.    INTRODUCTION

### A.    Overview

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 54 of the Rules for the United States Court of Federal Claims ("RCFC"), 42 U.S.C. § 4654(c), and this Court's Trial Opinion and Order of June 10, 2026 (the "Opinion," ECF No. 312), undersigned counsel file this Motion for Attorneys' Fees and Litigation Expenses (the "Motion") on behalf of certain Plaintiffs in:

- *Agapion et al. v. United States*, 19-cv-1596-LAS ("*Agapion*"); and
- *Chapman/Spring Garden et al. v. United States*, 19-cv-1942-LAS ("*Chapman*"),

and all Plaintiffs in:

- *Goodhue Partners, LLC et al. v. United States*, 21-cv-0087-LAS ("*Goodhue*");
- *Faye Mohorn et al. v. United States*, 21-cv-0546-LAS ("*Mohorn*");
- *Helen C. Wood, LLC et al. v. United States*, 21-cv-2143-LAS ("*Wood*"); and
- *Matthew K. Black et al. v. United States*, 22-cv-00010-LAS ("*Black*").

Specifically, this Motion seeks reimbursement of reasonable attorneys' fees and litigation expenses related to twenty (20) Plaintiffs in *Agapion, Chapman, Goodhue, Mohorn, Wood*, and *Black* (collectively, the "Motion Plaintiffs") whose claims were addressed at trial in 2023 (*see* "Table of Plaintiffs by Case," *supra*) and who were collectively awarded just compensation of $8,914.102.00 plus interest pursuant to the Court's Opinion.

In October 2019, the federal government invoked section 8(d) of the National Trail Systems Act of 1983, 16 U.S.C. § 1241 *et seq*. (the "Trails Act"), which resulted in a taking of property from multiple North Carolina landowners for a public recreational trail, including the Motion Plaintiffs. When this occurred, the government had a duty to pay these owners for the property taken. *See Preseault v. United States*, 494 U.S. 1, 8 (1990) ("*Preseault I*"); *Preseault v. United States*, 100 F.3d 1525, 1533, 1550 (Fed. Cir. 1996) (*en banc*) ("*Preseault II*"); *Toews v. United States*, 376 F.3d 1371, 1376 (Fed. Cir. 2004). When the government takes property without

paying the owner, the government has violated the Constitution. *See Knick v. Township of Scott*, 588 U.S. 180, 186 (2019) ("property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court"), *Preseault II*, 100 F.3d at 1533; *Horne v. Dept. of Agriculture*, 576 U.S. 350, 358 (2015) ("The Government has a *categorical duty* to pay just compensation when it takes your car, just as when it takes your home.") (emphasis added).

In addition to the obligation to pay owners "just compensation" for the property taken, which this Court has already determined (*see* Opinion), the government is also required to reimburse the owners' legal fees and expenses. *See* Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, as amended, 42 U.S.C. § 4601 *et seq*. (the "URA"). For claims brought against the United States under the Tucker Act of 1887 (28 U.S.C. § 1491), as was true here, section 4654(c) of the URA provides that:

> [t]he court … shall determine and award or allow to such plaintiff[s], as part of such judgment or settlement, such sum as will in the opinion of the court … reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

The goal of this Motion is to avoid what could become a "second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In their separate opinion in *Hensley*, Justices Brennan, Marshall, Blackmun, and Stevens described such litigation of fee awards (and their appeals) as "one of the least socially productive types of litigation imaginable" serving primarily to "greatly increase the costs to plaintiffs of vindicating their rights [and] frustrate the purposes of [a fee shifting statute]." 461 U.S. at 442 (Brennan, Marshall, Blackmun, and Stevens, JJ., concurring in part and dissenting in part). The Motion Plaintiffs certainly hope to avoid that outcome here.

### B.    Case Specific

As noted above, this Motion seeks to address the reasonable attorneys' fees and litigation expenses for the twenty (20) Motion Plaintiffs across the six cases. Complicating matters is the

fact that a subset of Plaintiffs in *Agapion* and *Chapman* have already had settled their URA claims, and the fact that the Motion Plaintiffs in *Chapman*, *Wood*, and *Mohorn* were represented by attorneys from the Lewis Rice law firm in St. Louis, Missouri, as well as the Tuggle Duggins law firm in Greensboro, North Carolina, while the Motion Plaintiffs in *Agapion, Goodhue,* and *Black* were represented by Lewis Rice only.  Undersigned counsel will provide a comprehensive history of all six matters, and a breakdown of reasonable attorneys' fees and expenses by matter and firm.

As detailed herein, undersigned counsel submits to this Court that the Motion Plaintiffs have incurred reasonable attorneys' fees and expenses totaling **$3,587,499.97** as follows:

| Firm | Hours | Attorneys' Fees | Expenses | Total |
|---|---|---|---|---|
| *Agapion* | | | | |
| Lewis Rice | 1,069.2 | $496,615.00 | $128,140.70 | $624,755.70 |
| *Chapman* | | | | |
| Tuggle Duggins | 45.8 | $14,177.00 | $0.00 | $14,177.00 |
| Lewis Rice | 892.1 | $435,848.00 | $129,183,82 | $565,031.82 |
| Total | 937.9 | $450,025.00 | $129,183,82 | $579,208.82 |
| *Goodhue* | | | | |
| Lewis Rice | 1,164.2 | $490,253.50 | $169,333.26 | $659,586.76 |
| *Mohorn* | | | | |
| Tuggle Duggins | 299.8 | $95,200.50 | $0.00 | $95,200.50 |
| Lewis Rice | 1,090.2 | $475,382.50 | $364,963.02 | $840,345.52 |
| Total | 1,390.0 | $570,583.00 | $364,963.02 | $935,546.02 |
| *Wood* | | | | |
| Tuggle Duggins | 190.2 | $47,544.00 | $0.00 | $47,544.00 |
| Lewis Rice | 673.5 | $296,923.00 | $72,842.11 | $369,765.11 |
| Total | 863.7 | $344,467.00 | $72,842.11 | $417,309.11 |
| *Black* | | | | |
| Lewis Rice | 687.0 | $309,079.50 | $62,308.54 | $371,388.04 |
| Tuggle Duggins | 535.8 | $156,921.50 | $0.00 | $156,921.50 |
| Lewis Rice | 5,576.2 | $2,504,101.50 | $926,771,45 | $3,430,872.95 |
| Total | 6,112.0 | $2,661,023.00 | $926,771.45 | $3,587,794.45 |

In support of this Motion, the Motion Plaintiffs state as follows:

## II.    BACKGROUND AND PROCEDURAL POSTURE

1.    At all times, attorneys Lindsay S.C. Brinton ("Ms. Brinton") and Meghan Largent ("Ms. Largent") along with other attorneys and staff of Lewis Rice, LLC ("Lewis Rice"), have represented the Motion Plaintiffs in *Agapion, Chapman, Goodhue, Mohorn, Wood,* and *Black.*[2]

2.    At all times, J. Nathan Duggins, III ("Mr. Duggins"), along with other attorneys and staff of the Tuggle Duggins law firm of Greensboro, North Carolina, have served as co-counsel and have represented the Motion Plaintiffs in *Chapman, Mohorn,* and *Wood.*

3.    The legal work for which reimbursement is being requested was for the mutual benefit of all Motion Plaintiffs.

### A.    *Agapion*: October 15, 2019 through February 2022

4.    As will be discussed below, undersigned counsel previously filed a Motion for Attorneys' Fees and Litigation Expenses in *Agapion* in April 2024.  (*Agapion*, ECF No. 287, the "First Fee Motion.")  As much of the history of the *Agapion* matter was discussed therein, the Motion Plaintiffs will limit their discussion here.

5.    On October 15, 2019, Ms. Brinton, Ms. Largent, and the law firm of Lewis Rice filed a Complaint on behalf of six (6) *Agapion* Plaintiffs.  (*Agapion,* ECF No. 1).

6.    By July 22, 2020, Plaintiffs had filed their Second Amended Complaint, now with fifteen (15) *Agapion* Plaintiffs.  (*Agapion,* ECF No. 21)

---

[2] *Agapion*, *Chapman, Goodhue, Mohorn, Wood,* and *Black* involve the same facts, railroad, rail corridor, trail, trail sponsor, Notice of Interim Trail Use or Abandonment ("NITU"), and legal authorities.  Further, and because claims in the six matters were addressed at overlapping times, there will be similar time entries across some or all of the cases, reflecting work conducted for the mutual benefit of the Motion Plaintiffs.  However, similar entries are not duplicative but reflect time divided across the cases. (Ex.  a time entry for 1.0 hour in each of the six cases illustrates 6.0 total hours related to the Motion Plaintiffs claims across the two cases.)  In some situations, costs may be further divided where the work or expenses related to even more cases.

7.      In June 2021, the parties notified the Court that they had reached a tentative settlement as to eleven (11) of the fifteen (15) *Agapion* Plaintiffs.  (*Agapion,* ECF Nos. 48, 49.) That settlement was executed in February 2022, and did not include an agreement as to reasonable attorneys' fees or litigation expenses pursuant to the URA.

8.      Plaintiffs requested a trial setting for the remaining four (4) *Agapion* Plaintiffs.  (*Id.*) The Court set trial to begin March 15, 2022.  (*Agapion,* ECF No. 53.)

9.      On December 3, 2021, the United States filed a Motion for Partial Summary Judgment, seeking to argue that the trail easement was not exclusive.  (*Agapion,* ECF No. 66.)[3]

**B.      *Chapman*: December 23, 2019 through February 2022**

10.      As with *Agapion*, undersigned counsel previously filed their First Fee Motion in *Chapman* in April 2024.  (*Chapman,* ECF No. 233.)  As much of the history of the *Chapman* matter was discussed therein, the Motion Plaintiffs will limit their discussion here.

11.      On December 23, 2019, Ms. Brinton, Ms. Largent, Mr. Duggins, and the law firms of Lewis Rice and Tuggle Duggins filed a Complaint on behalf of nine (9) *Chapman* Plaintiffs with a total of ten (10) claims.  (*Chapman,* ECF No. 1.)

12.      Five (5) additional *Chapman* Plaintiffs and six (6) additional claims were added in April 2020.  (*Chapman,* ECF No. 7.)

13.      In June 2021, the parties notified the Court that they had reached a tentative settlement as to nine (9) of the *Chapman* claims.  (*Chapman,* ECF Nos. 30-32.)  A settlement, as to only eight (8) of the *Chapman* claims, was executed in February 2022, and did not include an agreement as to reasonable attorneys' fees or litigation expenses pursuant to the URA.

---

[3] Briefing as to the issue was stayed. (*Agapion*, ECF No. 73.)

14.    Plaintiffs requested a trial setting for the remaining eight (8) claims for eight (8) *Chapman* Plaintiffs, alongside the *Agapion* Plaintiffs.  The Court set trial to begin March 15, 2022. (*Chapman,* ECF No. 35.)

15.    On December 3, 2021, the United States filed a Motion for Partial Summary Judgment, seeking to argue that the trail easement was not exclusive.  (*Chapman,* ECF No. 46.)[4]

### C.    First Trial in *Agapion* and *Chapman*

16.    A subset of the pending claims—one (1) from *Agapion* and seven (7) from *Chapman*—were addressed at trial in March 2022, with post-trial briefs filed between May and July 2022.  (*See, e.g., Agapion,* ECF Nos. 144, 151, 152.)[5]

17.    Separately the eight (8) trial Plaintiffs filed a Motion for Partial Summary Judgment as to the rate of interest for delay damages.  (*See, e.g., Agapion,* ECF Nos. 145, 151, 152.)

### D.    Remaining Plaintiffs in *Agapion* and *Chapman*

18.    With the completion of the first trial in March 2022, there were three (3) remaining Plaintiffs in *Agapion* and one (1) Plaintiff in *Chapman* which had neither settled nor gone to trial. On March 24, 2022, and with the first trial still ongoing, Plaintiffs sought a trial setting in fall 2022 for these remaining Plaintiffs.  (*Agapion*, ECF No. 126.)

19.    During this time period, the related matters of *Goodhue*, *Mohorn, Wood,* and *Black* were transferred before this Court.

### E.    *Goodhue*: Inception to May 2022

20.    On January 6, 2021, and prior to the March 2022 trial, Ms. Brinton, Ms. Largent, and the law firm of Lewis Rice filed a Complaint on behalf of six (6) *Goodhue*[6] Plaintiffs.

---

[4] Briefing as to the issue was stayed.  (*Chapman*, ECF No. 50.)

[5] Where the same or very nearly the same filings were made in multiple cases, Plaintiffs shall refer to the cases and then only list a single docket entry for the filings with the signal "*see, e.g.*"

[6] The matter was originally captioned as *Ennis v. United States*.

(*Goodhue*, ECF No. 1).    The matter was originally assigned to the Honorable Judge Eric G. Bruggink.  (*Goodhue*, ECF No. 2.)

21.    The next day, a First Amended Complaint was filed, with five (5) *Goodhue* Plaintiffs, (*Goodhue*, ECF No. 4),[7] followed on May 27, 2021, by a Second Amended Complaint, now with seven (7) *Goodhue* Plaintiffs.  (*Goodhue*, ECF No. 9.)

22.    On July 23, 2021, the parties entered into stipulations as to title (confirming ownership on the date of taking, adjacency, and that the property interest held by the railroad prior to the NITU was an easement for railroad purposes). (*Goodhue*, ECF No. 10.)  For this reason, the parties notified the Court on August 13, 2021, via Joint Status Report ("JSR") that the matter had moved to a valuation phase, (*Goodhue*, ECF No. 11), and settlement negotiations followed.  (*See Goodhue*, ECF Nos. 11, 13, 15, 17, 19.)

23.    Thereafter, the parties notified the Court that they had reached a tentative settlement as to all but one (1) of the *Goodhue* claims—specifically the claim for Goodhue Partners, LLC— where the parties disagreed as to the exclusivity of the post-NITU easements and their effects on valuation.  (*Goodhue*, ECF Nos. 21, 27.)  The United States indicated it would be filing summary judgment as to exclusivity during the first week of January 2022.  (*Goodhue*, ECF No. 27 at 13.)

24.    As to the other six (6) *Goodhue* claims, the United States made clear that a settlement memorandum was being submitted "before the end of the week" (i.e., before December 24, 2021).  (*Goodhue*, ECF No. 27 at 3-4.)

25.    Neither proved to be the case.  After the first of the year, Judge Bruggink issued an Order, noting that if the United States' Motion for Partial Summary Judgment was not filed prior to January 31, 2022, the parties were directed to file a JSR, (*Goodhue*, ECF No. 25), later extended to March 18, 2022.  (*Goodhue*, ECF No. 30.)

---

[7] Faye K. Mohorn's claim was moved into a separate case, as discussed below.

26.     On February 4, 2022, the parties filed a JSR.  (*Goodhue*, ECF No. 31.)  Plaintiffs noted that the United States had never submitted an internal settlement memorandum, and believing settlement was no longer possible, Plaintiffs requested a trial setting on all seven (7) *Goodhue* claims.  (*Id*.  *See also Goodhue*, ECF No. 35.)

27.     The United States filed its Motion for Partial Summary Judgment as to exclusivity on March 18, 2022 (*Goodhue*, ECF No. 36, substitute brief filed March 24, 2022, *Goodhue*, ECF No. 38-1).  This Motion mirrored the one filed in *Agapion* and *Chapman* three months earlier.  The parties fully briefed the Motion  (*Goodhue*, ECF Nos. 43-44.)

28.     On March 29, 2022, and on motion of the United States, *Goodhue* was transferred to this Court.  (*Goodhue*, ECF Nos. 39, 41, 42.)  Prior to the transfer, the Court was notified that settlement was still being pursued for all other *Goodhue* claims.  (*Goodhue*, ECF No. 40.)

29.     After May 30, 2022, the United States asked for 90 more days for a "settlement evaluation period," prompting the *Goodhue* Plaintiffs to request a trial setting, with trial to begin March 7, 2023.  (*Goodhue*, ECF No. 47.)

**F.     *Mohorn*: Inception to May 2022**

30.     On January 11, 2021, Ms. Brinton, Ms. Largent, Mr. Duggins, and the law firms of Lewis Rice and Tuggle Duggins filed a Complaint on behalf of four (4) *Mohorn*[8] Plaintiffs. (*Mohorn,* ECF No. 1.)  It was originally assigned to the Honorable Charles F. Lettow. (*Mohorn,* ECF No. 2.)  A First Amended Complaint was filed on June 11, 2021, increasing the total number of *Mohorn* Plaintiffs to thirteen (13), with sixteen (16) claims.  (*Mohorn*, ECF No. 11.)

31.     On August 5, 2021, the parties entered into comprehensive stipulations as to title, moving the matter to a valuation phase.  (*Mohorn,* ECF No. 12.)  This process continued for several months.  (*Mohorn*, ECF Nos. 14, 16, 18.)

---

[8] The matter was originally captioned as *Irving Park Shops, LLC v. United States*.

32.    In the JSR filed on February 4, 2022, Plaintiffs noted that settlement discussions had reached an impasse and sought a trial setting for late 2022.  (*Mohorn*, ECF No. 22.)  By contrast, the United States indicated that the sixteen (16) claims fell into two groups:

   a. For nine (9) claims without pre-existing encroachments, Plaintiffs provided the Untied States with settlements offers, with a deadline of January 31, 2022 to respond;

   b. For the remaining seven (7) claims with encroachments, the United States urged the Court to delay any proceedings until the Court had ruled upon the issue of exclusivity in *Agapion, Chapman,* and *Goodhue*.

(*Id*.)

33.    Judge Lettow set a trial date for December 2022.  (*Mohorn*, ECF No. 25.)

34.    On April 6, 2022, and on motion of the United States, *Mohorn* was transferred to this Court.  (*Mohorn,* ECF Nos. 26, 28, 29.)

## G.    *Wood*: Inception to May 2022

35.    On November 8, 2021, Ms. Brinton, Ms. Largent, Mr. Duggins, and the law firms of Lewis Rice and Tuggle Duggins filed a Complaint on behalf of one (1) *Wood* Plaintiff.  (*Wood,* ECF No. 1.)  The matter was assigned to the Honorable Richard A. Hertling, (*Wood*, ECF No. 3), before being transferred to this Court on November 18, 2021.  (*Wood*, ECF Nos. 6-7.)

36.    On April 1, 2022, a First Amended Complaint was filed, including claims for three (3) *Wood* Plaintiffs.  (*Wood*, ECF No. 15.)

## H.    *Black:* Inception to May 2022

37.    On January 5, 2022, prior to the first trial, Ms. Brinton, Ms. Largent, and the law firm of Lewis Rice filed a Complaint on behalf of one (1) *Black* Plaintiff.  (*Black,* ECF No. 1).

38.    Initially assigned to the Honorable Ryan T. Holte, (*Black,* ECF No. 2), on motion of the United States (*Black*, ECF No. 6), the matter was transferred to this Court on March 30, 2022. (*Black*, ECF Nos. 7-8.)

9

39.    On May 4, 2022, a First Amended Complaint was filed, now on behalf of two (2) *Black* Plaintiffs.  (*Black*, ECF No. 12).

**I.    May 2022-August 2022:  All six cases before this Court with trial settings in December 2022 (*Agapion* and *Chapman*) and March 2023 (*Goodhue, Mohorn, Wood*, and *Black*)**

40.    By May 2022, this was the status of the six cases:

a.    *Agapion* had settled eleven (11) claims, tried one (1) claim, and Plaintiffs were seeking a trial date for the remaining three (3) claims, with the United States pending motion as to exclusivity (stayed);

b.    *Chapman* had settled eight (8) claims; tried seven (7) claims, and Plaintiffs were seeking a trial date for the remaining one (1) claim, with the United States pending motion as to exclusivity (stayed);

c.    *Goodhue* was transferred to this Court with seven (7) claims, with Plaintiffs seeking a trial date for these claims (requesting a start date of March 7, 2023), with one claim (Goodhue Partners, LLC) briefed as to exclusivity;

d.    *Mohorn* was transferred to this Court with sixteen (16) claims, with a tentative trial setting of December 2022, with the United States claiming that seven (7) claims were suitable for briefing as to exclusivity;

e.    *Wood* was transferred to this Court with three (3) claims; and

f.    *Black* was transferred to this Court with two (2) claims.

41.    On May 23, 2022, Plaintiffs discussed adding the *Black* case to be tried alongside the *Agapion* and *Chapman* matters, (*see Black*, ECF No. 16 at 4), noting to the Court that Plaintiffs had proposed a December 2022 trial date.

42.    On May 24, 2022, the Court issued a Scheduling Order, setting trial for December 13, 2022 in both *Agapion* and *Chapman*.  (*See, e.g., Agapion*, ECF No. 147.)

43.    On June 2, 2022, the Court issued a Scheduling Order in *Black*, setting trial for March 7, 2023.  (*Black*, ECF No. 18.)

44.    On June 28, 2022, the Court issued its own Scheduling Order in *Mohorn*, maintaining trial for December 13, 2022.  (*Mohorn*, ECF No. 33.)

45.     On July 15, 2022 (in *Wood*, ECF No. 17), and on July 18, 2022 (in *Black*, ECF No. 19), the parties filed joint stipulations as to title.

46.     On July 19, 2022, the Court set trial in *Goodhue* to start March 7, 2023.  (*Goodhue*, ECF No. 50.)

47.     On July 25, 2022, the Court did the same for *Wood*.  (*Wood*, ECF No. 19.)

48.     On July 27, 2022, the Court moved the *Mohorn* trial from December 13, 2022 to March 7, 2023.  (*Mohorn*, ECF No. 35.)

**J.     Numerous motions filed; *Agapion* and *Chapman* moved to February 2023 trial**

49.     On September 19, 2022, the United States filed a Motion for Summary Judgment in *Agapion* and *Chapman* (*see, e.g., Agapion*, ECF No. 155), raising exclusivity, the effects of statements by the Railroad, and arguments against Plaintiffs' valuation expert, Dr. John Kilpatrick.

50.     On October 7, 2022, the Court stayed briefing as to the United States' Motion for Summary Judgment in *Agapion* and *Chapman*.  (*See, e.g., Agapion*, ECF No. 162.)  In those same Orders, the Court moved trial in *Agapion* and *Chapman* to January 24, 2023.

51.     On October 28 (*Mohorn*, ECF No. 41); November 2 (*Wood*, ECF No. 21); and November 4, 2022 (*Black*, ECF No. 21, and *Goodhue*, ECF No. 56), Plaintiffs filed a Motion for Partial Summary Judgment as to applicable rate of interest for delay damages.  Briefing was concluded on December 23, 2022.

52.     On November 22, 2022, the parties proposed moving the *Agapion* and *Chapman* trial to February 2023, (*see, e.g., Agapion*, ECF No. 172), to be tried immediately before *Goodhue, Mohorn, Wood,* and *Black*.  The Court granted the motions.  (*See, e.g., Agapion*, ECF No. 174.)

53.     On December 23, 2022, the United States filed Motions for Summary Judgment in *Goodhue* and *Mohorn*, arguing that certain properties lacked a cognizable property interest in the Corridor due to intervening roads.  Specifically, the United States implicated claims by:

    a. SLE Westover, LLC; and Marketplace Commercial Investments, LLC in *Goodhue* (*see* ECF Nos. 66-71); and

    b. Irving Park Shops, LLC; Irving Park Shops 2, LLC; Acclaim Federal Credit Union; Cornwallis Square Ass'n, LLC; and W&C Investments, LLC in *Mohorn* (*see* ECF Nos. 49-56).

These Motions were filed, despite title stipulations in *Goodhue* (*see* ECF No. 10)[9] and *Mohorn*, (*see* ECF No. 12).

54.    The Motions for Summary Judgment separately argued that none of the Plaintiffs were entitled to any compensation based upon the United States' interpretation of the Federal Circuit's ruling in *Caquelin v. United States*, 959 F.3d 1360 (Fed. Cir. 2020). These arguments were then made via Motions for Summary Judgment on December 26, 2022 in both *Wood* (ECF Nos. 32-34) and *Black* (ECF No. 32-24) without the intervening road arguments.

55.    On January 4, 2023, Plaintiffs filed:

    a. Motions to Stay all briefing as to the United States' Motion for Summary Judgment in *Goodhue, Mohorn, Wood*, and *Black* (*see, e.g., Goodhue*, ECF No. 75);

    b. Motions for a Status Conference in those four cases (*see, e.g., Goodhue*, ECF No. 76); and

    c. Motions for Sanctions as to the United States' arguments on summary judgment in light of the agreed-to stipulations on title in both *Goodhue* and *Mohorn* (*see, e.g., Goodhue*, ECF No. 77).

56.    The Court granted the stay as to briefing on summary judgment in *Goodhue, Mohorn, Wood*, and *Black* and denied the motion for sanctions, setting a status conference for January 30, 2023. (*See, e.g., Goodhue*, ECF No. 85.) Briefing was likewise stayed as to summary judgment in *Agapion* and *Chapman*. (*See, e.g., Agapion*, ECF No. 183.)

57.    With trial just over a month away, Plaintiffs filed:

    a. Pre-trial memoranda (*see, e.g., Agapion*, ECF No. 186); and

    b. Witness and Exhibit Lists. (*See, e.g., Agapion*, ECF Nos. 184-185.)

---

[9] And where a tentative settlement had been reached. (*Goodhue*, ECF No. 21.)

**K.    Consolidated trial set for all six cases in April 2023**

58.    Ultimately, on February 1, 2023, the Court ordered Plaintiffs to file their responses to the United States' Motions for Summary Judgment, and set trial to start on April 24, 2023, in all six cases. (*See, e.g., Agapion*, ECF No. 188.)

59.    On March 3, 2023, the United States filed its pre-trial memoranda, witness lists, and exhibits lists in all six cases. (*See, e.g., Agapion,* ECF Nos. 195-197.)

60.    On that same date, the United States filed Motions *in limine* in all six cases, seeking the right to admit certain deposition testimony—specifically all testimony provided as part of a RCFC 30(b)(6) deposition (citing RCFC 32(a)(3)) and certain testimony by the Railroad. (*See e.g., Agapion*, ECF No. 198.)  Briefing as to this motion concluded on April 7, 2023.

61.    Also on March 3, 2023, Plaintiffs filed their responses to the United States' Motion for Summary Judgment in all six cases. (*See, e.g., Agapion*, ECF No. 199.)  The United States filed their replies on March 14, 2023.

**L.    Claims dismissed in *Goodhue* and *Mohorn***

62.    On March 22, 2023, and pursuant to RCFC 41(a), Plaintiffs dismissed claims by:

a.    Walter Michael Ennis & Judith Hobson Ennis; SLE Westover, LLC; and Marketplace Commercial Investments, LLC in *Goodhue* (*see* ECF Nos. 103-104); and

b.    Irving Park Shops, LLC; Irving Park Shops 2, LLC; Acclaim Federal Credit Union; Cornwallis Square Ass'n, LLC; and W&C Investments, LLC in *Mohorn* (*see* ECF Nos. 91-92).

This reduced the number of claims to four (4) as to four (4) *Goodhue* Plaintiffs and to nine (9) claims for eight (8) *Mohorn* Plaintiffs.  On April 3, 2023, Plaintiffs filed an additional motion to dismiss the claim on behalf of *Mohorn* Plaintiff Brown Street LLC (*see Mohorn*, ECF Nos. 98-99), reducing the number of claims to eight (8) claims for seven (7) *Mohorn* Plaintiffs.

63.    With these filings, the number of Plaintiffs and claims across the six cases was as they would be at trial:  21 claims for 20 Motion Plaintiffs.[10]

64.    On March 27, 2023, the parties filed three further motions *in limine* in all six cases:

a.  Plaintiffs' Motion *in limine* to exclude discovery as to the Railroad (*see, e.g., Agapion*, ECF No. 203);

b.  Plaintiffs' Motion *in limine* to exclude testimony and reports of the United States' appraisal expert, Matthew Kimmel, (*see, e.g., Agapion*, ECF No. 204); and

c.  The United States' Motion *in limine* to exclude opinions of Plaintiffs' expert, Dr. John Kilpatrick.  (*See, e.g., Agapion*, ECF No. 206.)

Briefing as to these motions concluded April 13, 2023.

**M.    Trial moved to begin September 2023; referral to ADR**

65.    In separate filings in all six cases by the Motion Plaintiffs on April 5, 2026 (*see, e.g., Agapion*, ECF No. 208), and the United States on April 6, 2026 (*see, e.g., Agapion*, ECF No. 209), the parties proposed moving the start of trial to September 25, 2023, which was granted. (*See, e.g., Agapion*, ECF No. 215.)

66.    Separately, the Motion Plaintiffs proposed a referral to mediation, which the United States ultimate agreed to, (*see, e.g., Agapion*, ECF No. 231), and the matters were referred to the Honorable Eleni M. Roumel for ADR proceedings.  (*See, e.g., Agapion*, ECF Nos. 221, 224.) Proceedings before Judge Roumel concluded without settlement on August 14, 2023.

67.    On July 24, 2023, the parties filed joint proposals for site inspections, (*see, e.g., Agapion*, ECF No. 227), along with joint stipulations of fact. (*See, e.g., Agapion*, ECF No. 228.)

---

[10] With one small exception: during trial, the issue as to a second parcel related to *Mohorn* Plaintiff Robert Tury was discussed.  Ultimately, and pursuant to RCFC 15(b), the Court permitted Plaintiffs to amend their complaint as to Mr. Tury (*see Mohorn*, ECF No. 152), but this change did not alter the scope of Mr. Tury's claim.  For this reason, Motion Plaintiffs will continue to refer to Mr. Tury as having a single claim.

14

68.    On August 4, 2023, the Court granted Plaintiffs' Motion *in limine* to exclude discovery as to the Railroad.  (*See, e.g., Agapion*, ECF No. 233.)  The Court later denied the parties' respective motions *in limine* as to opposing valuation experts. (*See, e.g., Agapion*, ECF No. 242.)

69.    On August 5, 2023, the Court stated it would not be setting oral argument as to the United States' Motions for Summary Judgment. (*See, e.g., Agapion*, ECF No. 234.)

70.    On August 15, 2023, the parties filed a joint motion for judgment on the pleadings (*see, e.g., Agapion*, ECF No. 235), as to the pending motion as to Goodhue Partners, LLC, (*see Goodhue*, ECF No. 36), as well as the motions regarding the applicable rate of interest filed in all six cases. (*See, e.g., Agapion*, ECF No. 145.)

71.    On September 5, 2023, the parties moved to bifurcate the issue of interest to be addressed after trial.  (*See, e.g., Agapion*, ECF No. 239; *see also Agapion* ECF Nos. 244, 251.) Ultimately, the Court determined that issues as to rate of interest could be determined (as needed) after trial.  (*See, e.g., Agapion* ECF Nos. 248, 252, 263.)

72.    On this same date, as will be discussed below, the Court entered its Opinion as to the first trial in *Agapion* and *Chapman*.

73.    On September 18, 2023, the parties filed joint stipulations and moved for admission of certain documents for trial, (*see, e.g., Agapion*, ECF No. 247), which the Court granted.  (*See, e.g., Agapion*, ECF No. 256.)  On September 26, 2023, a second joint stipulation was filed, (*see, e.g., Agapion*, ECF No. 259), which the Court granted.  (*See, e.g., Agapion*, ECF No. 260.)

74.    With trial approaching, the parties each filed amended exhibit and witness lists. (*See, e.g., Agapion*, ECF Nos. 230, 238, 246, 249, 250, 258, 262.)

75.    In response to the United States' Second Amended Exhibit List, (*see, e.g., Agapion*, ECF Nos. 246), and the United States' only Witness List (*see, e.g., Agapion*, ECF No. 196), The Motion Plaintiffs moved *in limine* to exclude certain exhibits and witnesses, (*see, e.g., Agapion*,

15

ECF No. 255)—specifically related to the Railroad—which had been addressed in the Motion Plaintiffs' previously granted motion *in limine*.  (*See, e.g., Agapion*, ECF No. 233.)[11]

**N.    Second trial conducted in September 2023**

76.    The Court conducted the trial as to the Motion Plaintiffs on September 27-29 and October 4, 2023.  (*See, e.g., Agapion*, ECF Nos. 271, 272, 273, 274.)

77.    Ultimately, the Court deemed that additional expert testimony as to interest rate would not be needed.  (*See, e.g., Agapion,* ECF No. 268.)  Nevertheless, the United States opted to file its expert reports as an offer of proof, (*see, e.g., Agapion*, ECF No. 269; *see also Agapion,* ECF No. 269-1 (Neuberger report), ECF No. 269-2 (Gurrea report)), despite the fact that the Gurrea report was already in the record (s*ee, e.g., Goodhue*, ECF No. 59-1), and the Neuberger report <u>only</u> applied to the *Agapion* and *Chapman* matters from the first trial (which as discussed below, had already been ruled upon).  (*See, e.g., Agapion,* ECF No. 275.)

78.    Post-trial briefing began November 30, 2023, (*see, e.g., Agapion*, ECF No. 277), and concluded on February 9, 2024.  (*See, e.g., Agapion*, ECF No. 282.)  Closing arguments were set for April 23, 2024.  (*See, e.g., Agapion*, ECF No. 292.)

**O.    Opinion and Judgment issued in first *Agapion* and *Chapman* trial, including appeal, and dismissal of appeal**

79.    On September 5, 2023, and with the second trial approximately one month away, the Court issued a single Opinion and Order in both *Agapion* (ECF No. 240) and *Chapman.* (ECF No. 198.)  The Court awarded $1,037,042.00 in just compensation as to the single trial claim in *Agapion* (ECF No. 240, at 17), $5,357,415.00 for the seven (7) *Chapman* trial claims (*Chapman,* ECF No. 198, at 17) or $6,394,457.00 in total.

---

[11] After being denied the right to enter this evidence at trial, the United States filed Offers of Proof.  (*See, e.g., Agapion*, ECF Nos. 264-265.)

80.     The Court also granted Plaintiffs' Motion as to interest and ordered delay damages, calculated at the Moody's Aaa Corporate Bond rate with annual compounding interest.  (*See, e.g., Agapion*, ECF No. 240, at 18.)

81.     On September 15, 2023, the Court entered a Rule 54(b) Judgment as to the Trial Plaintiffs, with "compensation in the amount of $6,394,457.00, with interest calculated using the Moody's Aaa Corporate Bond rate, compounded annually." (*See, e.g., Agapion,* ECF No. 245.)

82.     The United States appealed the Court's Opinions and Judgments on November 13, 2023.  (*See, e.g., Agapion,* ECF No. 276.)  Both appeals were docketed before the United States Court of Appeals for the Federal Circuit on December 11, 2023, as *Agapion v. United States*, Docket No. 2024-1249 and *Chapman Spring/Garden v. United States*, Docket No. 2024-1250. The two were later consolidated under Docket No. 2024-1249 as *Burger v. United States*.

83.     On March 11, 2024, the United States moved to voluntarily dismiss the appeal, which was granted on March 13, 2024; a Mandate issued from the Federal Circuit on that same day.  (*See, e.g., Agapion,* ECF No. 284.)

**P.      First Fee Motion for *Agapion* and *Chapman***

84.     With the dismissal of the appeal, just compensation and interest had been completed as to all but the three (3) remaining Plaintiffs in *Agapion* and the one (1) remaining Plaintiff in *Chapman.*  However, to this point, there had been no motions as to reasonable attorneys' fees and litigation expenses for *Agapion* and *Chapman* Plaintiffs.

85.     On April 12, 2024, the *Agapion* and *Chapman* Plaintiffs filed their First Fee Motion as to all *Agapion* and *Chapman* Plaintiffs, including those four pending claims.  (*See*, e.g., *Agapion*, ECF No. 287.)

86.     In the First Fee Motion, Plaintiffs requested:

| Firm | Hours | Attorneys' Fees | Expenses | Total |
|---|---|---|---|---|
| *Agapion* | | | | |
| Lewis Rice | 2,473.8 | $1,103,318.50 | $251,199.86 | $1,354,518.36 |
| *Chapman* | | | | |
| Tuggle Duggins | 647.4 | $ 211,826.50 | $ 1,514.53 | $ 213,341.03 |
| Lewis Rice | 2,135.5 | $ 977,826.50 | $ 242,072.89 | $ 1,219,899.39 |
| Total | 2,782.9 | $1,189,653.00 | $ 243,587.42 | $ 1,433,240.42 |

(*Agapion*, ECF No. 287, at pp. 3, 24; *Chapman*, ECF No. 233, at pp. 3, 27.) [12]

87.     After multiple motions for extension to respond were filed by the United States and granted by the Court, (*see, e.g., Agapion*, ECF Nos. 289-290, 293-300, 302), the Court ordered briefing on the First Fee Motion stayed.  (*See, e.g., Agapion*. ECF No. 303.)

88.     Ultimately, the parties settled Plaintiffs' reasonable attorneys' fees and expenses for all *Agapion* and *Chapman* Plaintiffs other than the Motion Plaintiffs in those matters, with a stipulation of dismissal for those Plaintiffs filed with the Court on October 30, 2024.  (*See, e.g., Agapion*, ECF No. 304.)  This included claims as to all *Agapion* and *Chapman* Plaintiffs other than the Motion Plaintiffs under the URA. (*See, e.g., Agapion*, ECF No. 311.)  As discussed below, the agreement between the parties preserved certain reasonable attorneys' fees and litigation costs as to the Motion Plaintiffs in *Agapion* and *Chapman*.

Q.      **The Court rules on all other pending motions**

89.     In a series of Orders entered June 23, 2025, (*see Agapion*, ECF No. 308; *Chapman*, ECF No. 247; *Goodhue*, ECF No. 170; *Mohorn*, ECF No. 164; *Wood*, ECF No. 127; and *Black*, ECF No. 129), the Court ruled on multiple pending motions which had not been previously addressed, as summarized below:

---

[12] Itemized entries through April 3, 2024, can be seen in Exhibit A to the *Agapion* filing, (*Agapion*, ECF No. 287-1), attached hereto as **Exhibit A**; and in Exhibit A (Lewis Rice) and Exhibit G (Tuggle Duggins), to the *Chapman* filing (ECF Nos 233-1, 233-7), attached hereto as **Exhibits B** and **Exhibit C**, respectively.

| Motion (disposition) | *Agapion* | *Chapman* | *Goodhue* | *Mohorn* | *Wood* | *Black* |
|---|---|---|---|---|---|---|
| United States' Motion for Partial Summary Judgment as to exclusivity (denied) | 66 | 46 | 36 | | | |
| United States' Motion for Summary Judgment as to exclusivity, the effects of statements by the Railroad, and arguments as to Plaintiffs' valuation expert, Dr. John Kilpatrick (denied) | 155 | 123 | 66-71 | 49-56 | 32-34 | 32-33 |
| United States' Motion *in limine* to admit RCFC 30(b)(6) depositions and testimony by Railroad (granted-in-part) | 198 | 160 | 98 | 86 | 57 | 57 |
| Joint Motion for Judgment on the Pleadings (denied) | 235 | 193 | 134 | 123 | 91 | 91 |
| Plaintiffs' Motion for Status Conference and Motion in limine as to Railroad witnesses and exhibits (denied as moot) | 255 | 211 | 150 | 142 | 107 | 109 |
| United States' Motion for Entry of Trial Procedure Order (granted) | 261 | 216 | 155 | 147 | 112 | 114 |

**R.      Trial Opinion and Judgment issued in Second Trial**

90.      On June 10, 2026, the Court entered its Trial Opinion and Order as to the Second Trial.  (*See, e.g., Agapion*, ECF No. 312.)  The Court awarded $8,914,102.00 in just compensation across the twenty-one (21) claims, and awarded interest calculated using Moody's Aaa Corporate Bond rate, compounded annually, from the date of taking until the date of payment.  (*Id.* at 312.) Judgment followed on June 15, 2026.  (*See, e.g., Agapion*, ECF No. 313.)

91.      As directed by the Court in its June 10, 2026 Opinion:

Plaintiffs are **ORDERED** to file any motion requesting attorneys' fees and litigation expenses within 30 days of this opinion. The government is **ORDERED** to file any response to plaintiffs' motion for fees and expenses within 30 days after plaintiffs file their motion. No extensions will be granted absent a detailed showing of extraordina1y circumstances. The Court further cautions the patties that any appeal of this opinion will not delay the adjudication of any award of fees and expenses. *See Kotis Assocs., LLC v. United States,* 179 Fed. Cl. 650, 655 (2025) (Smith, J.) ("In sum, a prevailing party's request for attorneys' fees and expenses qualifies as an ancillary post-judgment inquiry that properly resides with the Court notwithstanding an appeal on the merits of the action."); *Bradley v. United States,*

19

179 Fed. Cl. 660, 673 (2025) (Tapp, J.) (the Court of Federal Claims retains jurisdiction to adjudicate a motion for fees under the Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA) despite an appeal of the underlying judgment regarding liability).

(*see, e.g., Agapion*, ECF No. 312 at 21-22), this Second Fee Motion follows.

## III.    ARGUMENT IN SUPPORT OF THE MOTION PLAINTIFFS' ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The "lodestar" method—calculating reasonable hours multiplied by a reasonable rate—is the universally accepted method for calculating attorneys' fees reimbursable under the URA and should be used here.

The URA provides the mechanism under which the Motion Plaintiffs may seek reimbursement of their reasonable attorneys' fees and costs.  For claims brought against the United States, 28 U.S.C. § 1491, section 304(c) of the URA allows for the award of:

> compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

*See* 42 U.S.C. § 4654(c).  It is considered well-settled—by the Supreme Court, the Federal Circuit, and this Court—that the lodestar method[13] is the preferred means for determining the amount of attorneys' fees to be paid under a fee-shifting statute, like the URA.  *See, e.g., Blum v. Stenson*, 464 U.S. 886, 888 (1984) (citing *Hensley,* 461 U.S. at 433); *Bywaters v. United States*, 670 F.3d 1221, 1228–29 (Fed. Cir. 2012) ("In determining the amount of reasonable attorneys' fees under federal fee-shifting statutes, the Supreme Court has consistently upheld the lodestar calculation as

---

[13] The origin of the term and method date back to 1973, and the Third Circuit's case of *Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167-688 (3d Cir. 1973) (an hourly rate of compensation applied to the hours worked "should be the lodestar of the court's fee determination").  After vacating and remanding to the district court, the matter was considered a second time by the appellate court, who expanded on the lodestar analysis.  *Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976).

the 'guiding light of [its] fee-shifting jurisprudence.' " (alteration in original) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)).  *See, e.g., Bradley v. United States*, 164 Fed. Cl. 236, 251 (2023); *Stimson Lumber Co. v. United States*, 154 Fed. Cl. 694, 701 (2021); *Bratcher v. United States*, 136 Fed. Cl. 786, 792 (2018); *Greenwood v. United States*, 131 Fed. Cl. 231, 239 (2017); *Voth Oil Co., Inc. v. United States*, 108 Fed. Cl. 98, 104 (2012).  As to calculations under the URA, the Honorable Eric Bruggink stated nearly twenty years ago that "[t]he lynchpin to calculation of a fee under the URA is the 'lodestar' figure." *Moore v. United States*, 63 Fed. Cl. 781, 785 (2005).

It is equally well-settled that there is a "strong presumption" that the lodestar calculation produces a reasonable attorneys' fee.  *See Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986).  *See also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Bradley*, 164 Fed. Cl. at 251 (quoting *Biery v. United States*, 818 F.3d 704, 710 (Fed. Cir. 2016); *Bywaters*, 670 F.3d at 1229).  This is true, at least in part, because of the simplicity of calculation: the multiplication of hours reasonably expended by a reasonable hourly rate.  *Blum*, 464 U.S. at 888; *Bywaters*, 670 F.3d at 1225-26.  So strong is the presumption, that the Federal Circuit and the Supreme Court have clarified that deviation from a lodestar calculation should occur only in "rare" and "exceptional cases," and must be supported by "specific evidence" and "detailed findings" by the court.  *Bywaters*, 670 F.3d at 1229 (quoting *Del. Valley*, 478 U.S. at 564 (quoting *Hensley*, 461 U.S. at 434)); *see also Perdue*, 559 U.S. at 552 (same).  Adjustments, if needed, are "warranted only where the lodestar figure fails to take into account a relevant consideration." *Bywaters*, 670 F.3d at 1229.

### 1. The first step of the lodestar method is a determination of the number of hours reasonably expended.

Given the straightforward calculation under the lodestar—number of hours multiplied by a reasonable hourly rate—the first step is the calculation of hours.  *Blum*, 464 U.S. at 888;

21

*Bywaters*, 670 F.3d at 1225-26.  The Motion Plaintiffs bear the burden of demonstrating that the number of hours submitted represents a reasonable amount of time expended on the litigation. *See, e.g., Stimson Lumber*, 154 Fed. Cl. at 703 (citing *Bywaters*, 670 F.3d at 1229)).  Though the Motion Plaintiffs are not required to account for every moment of counsel's time, counsel should "at least . . . identify the general subject matter of [their] time expenditures." *Design & Prod., Inc. v. United States*, 20 Cl. Ct. 207, 221 (1990) (citation omitted).

### 2. The second step of the lodestar method is a determination of a reasonable hourly rate.  The "forum rule" provides the basis for the prevailing market rate for calculating attorneys' fees.

As noted in *Blum*, hourly rates are determined, typically, "according to the prevailing market rates in the relevant community," 465 U.S. at 895, and should mirror those of other attorneys in the "relevant community" offering similar services with "reasonably comparable skill, experience and reputation." *Id.* at 895 n.1.  The "relevant community" in this case has been established by virtue of the "forum rule" which is, in turn, used to determine a reasonable hourly rate. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1348–49 (Fed. Cir. 2008) (noting "the courts of appeals have uniformly concluded that, in general, forum rates should be used to calculate attorneys' fee awards under other fee-shifting statutes").  Under that rule, the location of the trial court is typically designated as the applicable forum. *See Bywaters*, 670 F.3d at 1233 (citing *Avera*, 515 F.3d at 1348–49) (noting that the court should generally calculate the lodestar amount based on rates prevailing in the forum court's geographic location).  Washington, D.C. is the applicable forum for cases before the Court of Federal Claims. *See Avera*, 515 F.3d at 1348.

Indeed, most judges of this Court to consider whether the forum rule applies in takings cases premised on the Trails Act have concluded it does, *see e.g., McCarty v. United States*, 142 Fed. Cl. 616, 621-22 (2019), but have noted an exception:

(1)     where "the bulk of [an attorney's] work is done outside the jurisdiction of the court"; and

(2)     "where there is a *very significant* difference in compensation favoring D.C."

*Avera*, 515 F.3d at 1349 (quoting *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) (per curiam) (emphasis in original) (modified to show two prongs). Referred to as the *Davis County* exception, it is intended to prevent a windfall in fees. *See id*. (quoting *Davis Cty*., 169 F.3d at 758). *See Whispell Foreign Cars, Inc. v. United States,* 139 Fed. Cl. 386, 396-402 (2018) (applying the *Davis County* exception); *Bratcher*, 136 Fed. Cl. at 798-99.

In some cases, the Court (particularly over the objection of the government) has found that there is not a "very significant difference" between the "forum" rate and the rate found in the relevant community, and has awarded a firm's usual and customary fees. *McCarty*, 142 Fed. Cl. at 621-22; *Campbell v. United States*, 138 Fed. Cl. 65, 75-76 (2018). In other cases, the parties have agreed that even given the "forum rule" and the so-called *Davis County* exception, a particular community (namely the location of the counsel's law firm) is the proper forum. *Stimson Lumber*, 154 Fed. Cl. at 701-702, 702 n.7. In still other cases, plaintiffs have argued that it does not matter whether the correct forum is deemed to be Washington D.C. or the location of counsel's law firm because counsel's usual and customary rates are either: (a) not significantly different from rates charged in Washinton D.C., and/or (b) consistent with rates charged for the same or similar services in counsel's community. *See, e.g., Kotis,* 179 Fed. Cl. at 657-58; *Hyatt v. United States,* 174 Fed. Cl. 643, 659-61 (2025); *Bradley*, 164 Fed. Cl. at 251-52.

Having established that the lodestar method is the proper means for determining fees under the URA, Motion Plaintiffs must now provide "adequate evidence" as to the reasonableness of the "hours, fees, and expenses" they seek as to compensation under the URA. The Motion Plaintiffs must substantiate their request for an award of fees. The party seeking fees under the URA must

23

submit "adequate evidence supporting the amount of hours worked and rates charged to enable the Court to determine the amount of a reasonable fee." *Hensley*, 461 U.S. at 433. To be "adequate evidence," it must provide "sufficient detail upon which the Court can determine the reasonableness of the hours, fees, and expenses for each individual for whom they seek reimbursement." *Preseault v. United States*, 52 Fed. Cl. 667, 669 (2002).

To assist the Court in its review of the reasonableness of the number of hours expended on this case, the appropriate hourly rate charged for those hours, and the reasonableness of expenses incurred, the Motion Plaintiffs have provided their detailed billing entries and itemized expenses. Further, given the nature of this request (on behalf of Motion Plaintiffs in six separate cases, and involving two law firms), the Motion Plaintiffs have broken this information down by case (and for *Chapman, Mohorn,* and *Wood*, further by firm), before providing a grand total.

> **B.      Motion Plaintiffs have provided "adequate evidence" to support a finding that the usual and customary rates for Lewis Rice and Tuggle Duggins are reasonable.**

Out of a desire to make this request less complicated to review, the Motion Plaintiffs will reverse the lodestar steps, beginning first with a discussion of each law firm's reasonable hourly rates (which will apply equally across the cases), before discussing the reasonable number of hours expended by attorneys and staff in each of the individual matters (along with the total request for reimbursement for those attorneys' fees),[14] followed by costs incurred. To assist the Court and the United States, Lewis Rice and Tuggle Duggins have provided detailed summaries of the time worked on behalf of the Motion Plaintiffs, including all of the hours expended by attorneys and staff of Lewis Rice and Tuggle Duggins (where appropriate), broken down by matter, date, timekeeper, time worked, the applicable rate for each time keeper on the day services were

---

[14] The order of the steps is not critical; the lodestar method multiplication of hours reasonably expended by a reasonable hourly rate. *Blum*, 464 U.S. at 888; *Bywaters*, 670 F.3d at 1225-26.

rendered, and the total fees related to the services provided on that date, along with a brief description of the work provided. *See Hensley*, 461 U.S. at 433. This information is shown in each of the attached Exhibits:

| Matter | Attorneys' Fees | |
|---|---|---|
| | **Lewis Rice** | **Tuggle Duggins** |
| *Agapion* | **Exhibits D-1, D-3** | |
| *Chapman* | **Exhibit E-1, E-3** | **Exhibit F** |
| *Goodhue* | **Exhibit G-1** | |
| *Mohorn* | **Exhibit H-1** | **Exhibit I** |
| *Wood* | **Exhibit J-1** | **Exhibit K** |
| *Black* | **Exhibit L-1** | |

Additionally, undersigned counsel has reviewed the entries within these exhibits, and provided a summary in attached Declarations. (*See* Declaration of Lindsay S.C. Brinton, attached hereto as **Exhibit M**; Declaration of J. Nathan Duggins, III, attached hereto as **Exhibit N.**)

### 1.    Lewis Rice's usual and customary rates are reasonable.

For lodestar calculations, reasonable hourly rates are "calculated according to the prevailing market rates in the relevant community . . . ." *See Blum,* 465 U.S. at 895. As documented in the spreadsheets in Exhibits D-1, D-3, E-1, E-3, G-1, H-1, J-1, and L-1, as explained in Ms. Brinton's Declaration in Exhibit M, and as further explained in the Declaration by Richard B. Walsh, Jr. (Managing Partner of Lewis Rice), attached hereto as **Exhibit O**, these rates, by timekeeper and by year, were (or are) the usual and customary rates billed by each timekeeper during the relevant time period rather than rates for this particular case. These rates are summarized below by Lewis Rice fiscal year, with shaded cells indicating no billing for that time keeper in that fiscal year:

| Timekeeper[15] | Title | 2020[16] | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|
| Lindsay S.C. Brinton | Member[17] | $585 | $635 | $660 | $695 | $725 | $765 | $825 |
| Meghan S. Largent | Member | $595 | $645 | $660 | $695 | $725 | $765 | $825 |
| Evan Z. Reid | Member | | | $650 | | | | |
| Michael Armstrong | Member | | | $495 | $525 | $550 | $575 | $615 |
| T. Hunter Brown | Associate | | | $425 | $460 | | | |
| Lucas D. Jackson | Associate | | | $405 | $440 | | | |
| Ryan T. Harding | Associate | | | $325 | $365 | | | |
| Kolten C. Ellis | Associate | | | | $325 | | | |
| Devin A. Hayes | Associate | | | $275 | | | | |
| Evan P. Jefferson | Associate | | | $275 | $325 | | | |
| Patrick F. Ganninger | Associate | | | $225 | $240 | | | |
| Marlee L. Rowe | Associate | | | | | $325 | | $390 |
| Meredith Shrinivas | Paralegal | $200 | $200 | $210 | $220 | $225 | $230 | |
| Tyler E. Fear | Paralegal | | | $210 | $220 | | | |
| Courtney Ham | Paralegal | | $200 | $210 | $220 | | | |
| Jack Perryman | Paralegal | | | $200 | | | | |
| Kathleen E. Mills | Paralegal | | | | | $225 | | |
| Mersiha Mustabasic | Paralegal | | | | | | $230 | |
| Connor M. Renz | Paralegal | | | | | | $230 | $240 |
| Betty Alvey | Paralegal | | | | | | $230 | $240 |
| Aedan Winger | Paralegal | | | | | | | $240 |
| Aleanah Arraya | Paralegal[18] | | | | $125 | $250 | | |
| Anna Roland | Case Assistant | $115 | $115 | $125 | | | | |
| Amanda Welker | Case Assistant | | | $125 | $150 | | | |
| Daniel Frew | Case Assistant | | | $125 | $125 | | | |
| Zariah D. Jones | Case Assistant | | | | $125 | $175 | $185 | |
| Jasmine Bouckaert | Case Assistant | | | | | | $125 | $150 |

[15] Note:  This information applies in the aggregate, as each matter has a different combination of timekeepers, and not every timekeeper will have time billed for each fiscal year in each matter. *See* Exhibits D-1, D-3, E-1, E-3, G-1, H-1, J-1, and L-1.

[16] Lewis Rice's fiscal year runs from February 1 to January 31.

[17] As Lewis Rice is a Missouri LLC, its partner-level attorneys are designated as members.

[18] Ms. Arraya worked as both a case assistant and paralegal.

While many judges have dedicated significant portions of their rulings on fees as to what the appropriate hourly billing rate in URA cases should be, the Court is not confronted with such issues here, given that counsel is simply applying their historic rates, by year.  Importantly, these rates are not *very significantly different from* (and are in fact <u>lower</u> than) than the various "forum rule" rates, as shown in the **Laffey Matrix:**[19]

| Years Exp. | 2023-24 | 2024-25 | 2025-26 |
|:---:|:---:|:---:|:---:|
| 20+ | $1,057.00 | $1,141.00 | $1,227.00 |
| 11-19 | $878.00 | $948.00 | $1,019.00 |
| 8-10 | $777.00 | $839.00 | $902.00 |
| 4-7 | $538.00 | $581.00 | $625.00 |
| 1-3 | $437.00 | $473.00 | $508.00 |
| Paralegal | $239.00 | $258.00 | $277.00 |

or the incredibly detailed **Fitzpatrick Matrix**.[20]

| Years Exp. | 2024 | 2025 |
|:---:|:---:|:---:|
| 20-24 | $787.00 | $850.00 |
| 15-19 | $736.00 | $795.00 |
| 10-14 | $669.00 | $723.00 |
| 5-9 | $592.00 | $639.00 |
| 2-4 | $538.00 | $581.00 |
| 0-1 | $500.00 | $540.00 |
| Paralegal | $236.00 | $255.00 |

---

[19] *Available at* http://www.laffeymatrix.com/see.html. The 2025-26 value goes through May 31, 2026.  The Laffey rate dates back to *Laffey v. Northwest Airlines, Inc*, 572 F. Supp. 354 (D.D.C. 1983), and was for decades considered the best rate matrix for complex federal litigation in the Washington D.C. area.  *See, e.g., Eley v. Dist. of Columbia*, 793 F.3d 97, 100, 104–05 (D.C. Cir. 2015);*Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988).

[20] *Available at* https://www.justice.gov/usao-dc/civil-division.  The Matrix provides a breakdown by experience level.  For demonstrative purposes, the majority of the lines have been removed, such that a given range (i.e., 20-24 years) shows the amount for 20 years of experience. As a result, the rates shown herein should be considered minimums under the Fitzpatrick Matrix. The 2026 rates have not yet been listed. Per the United States, the Fitzpatrick rates is useful "with determining reasonable attorney's fees for complex federal litigation in the District of Columbia[.]" *See* https://www.justice.gov/usao-dc/civil-division.

As noted in the footnotes, both matrices have been, at various times, deemed to be the appropriate rate for complex litigation in the District of Columbia.  URA matters have repeatedly been noted as being often complex, including as recently as last year by the Honorable David A Tapp:

> As an initial point, rails-to-trails cases are often complex. *See e.g., Campbell v. United States*, 138 Fed. Cl. 65, 76–77 (2018) (observing that "rails-to-trails takings claims can be complex" and using two adjusted Laffey matrices as evidence of reasonable hourly rates); *Hardy [v. United States*, 157 Fed. Cl. [464,] 472 [(2021] (characterizing experience in Trails Act cases as "specialized experience in ... a niche area of law"); *Gregory v. United States*, 110 Fed. Cl. 400, 406 (2013) (remarking that Trails Act litigation is "complex" and "highly specialized," and that "[v]ery few firms in the country have the willingness and the expertise to take on these" cases).

*Pressly v. United States*, No. 18-1964, 2025 WL 1780947, at *16 (Fed. Cl. May 12, 2025).

As noted above, Lewis Rice's rates are lower than both of the matrix rates.  The differences are more striking if comparing just the rates of individual attorneys and staff.  By way of example: undersigned counsel, a 2006 law school graduate, had eighteen years of legal experience in August 2024, and nineteen years of legal experience in August 2026.  The chart below compares the rates charged for services rendered in this matter, versus the accepted rates in both the Laffey and Fitzgerald Matrices:

| Rate | Aug. 2024 (18 years Experience) | Aug. 2025 (19 Years Experience) |
|---|---|---|
| Lewis Rice Actual Billing Rate | $725.00 | $765.00 |
| Laffey Matrix Rate | $948.00 | $1,019.00 |
| Fitzpatrick Matrix Rate | $768.00 | $840.00 |

Further, these rates do not differ significantly from rates:

- Charged for similar levels of experience in the St. Louis market.  (*See* Exhibit O; *see also* Declaration of Emily E. Cantwell, attached hereto as **Exhibit P.**)

- Charged to other Lewis Rice clients for similar services.  (*See, e.g.*, Declaration by Diane Lacey, as filed in *Collective Edge v. United States*, No. 20-cv-0034 (ECF No. 202-8), and attached hereto as **Exhibit Q.**)  Ms. Lacey was one of several landowners in the St. Louis area that retained Lewis Rice in a direct condemnation action. Ms. Lacey (and others) were billed (and paid) the rates discussed herein;

28

- Charged to Lewis Rice clients for in Trails Act cases pending in the United States Court of Federal Claims. (*See* Declaration of William Marshall Kotis, III, attached hereto as **Exhibit R.**)[21]

- Awarded pursuant to the URA after briefing in other Trails Act matters to Lewis Rice attorneys, based upon actual Lewis Rice rates;[22]

- Awarded pursuant to the URA after briefing in other Trails Act matters to attorneys at other firms based in Missouri.[23]

Nor is it out of line for recent awards of attorneys fees in Missouri courts, including awards to other Lewis Rice attorneys.[24] Motion Plaintiffs do not seek a windfall, but Lewis Rice's actual rates for Trails Act cases, which have been challenged by the United States and approved multiple times by this Court. Lewis Rice's usual and customary rates are reasonable.

---

[21] The Supreme Court has held that a reasonable hourly rate by which to calculate attorney fees under federal fee-shifting statutes is based upon the rates private fee-paying clients pay attorneys possessing similar experience to represent them in comparable litigation in the forum. *Del. Valley*, 483 U.S. at 725.

[22] *Kotis,* 179 Fed. Cl. at 657-58; *Hyatt*, 174 Fed. at 660 (2025); *Nicholson v. United States*, 174 Fed. Cl. 664, 681 (2025); *Bradley*, 164 Fed. Cl. at 251-56. *See also Collective Edge v. United States*, No. 20-cv-0034 (ECF No. 220, Tr. of Oral Argument as to Attorneys' Fees, Sep. 26, 2024).

[23] *Pressly*, 2025 WL 1780947, at *15-17 (awarding up to $695 per hour for services from 2021 to 2024). *See also Behrens v. United States*, No. 15-cv-0421 (ECF No. 222, Tr. of Oral Argument as to Attorneys' Fees, July 24, 2024) (awarding up to $695 per hour from 2021 to 2023).

[24] *See, e.g., Malloy v. Trileaf Corp.,* No. 4:24 CV 506 CDP, 2026 WL 763787, at *2 (E.D. Mo. Mar. 18, 2026) (awarding usual and customary hourly rates for Lewis Rice attorneys of up to $635 per hour for services in 2024 through 2026 in employment matter); *Caldwell v. UniFirst Corp.*, 733 S.W.3d 576, 588 (Mo. Ct. App. 2026) (awarding up to $675 per hour for services provided in discrimination matter); *Brandon v. Bd. of Educ. of City of St. Louis*, No. 4:22-CV-00635-SRC, 2025 WL 3723823, at *19 (E.D. Mo. Dec. 23, 2025) (awarding $600 per hour for attorneys and $250 per hour for paralegals for services provided from 2022 to 2024 in discrimination matter); *Missouri Primate Found. v. People for Ethical Treatment of Animals, Inc.*, No. 4:16-CV-02163-SRC, 2025 WL 2970132, at *3 (E.D. Mo. Oct. 21, 2025) (awarding $790 to $880 per hour for services provided in 2024 and 2025); *Axiom Prod. Admin., Inc. v. O'Brien*, No. 4:20-CV-01333-MTS, 2024 WL 1655389, at *5 (E.D. Mo. Apr. 17, 2024) (awarding rates up to $695 per hour deemed reasonable for services provide from 2020 to 2024), *appeal dismissed sub nom., Axiom Prod. Admin. v. O'Brien*, No. 24-2025, 2024 WL 4784634 (8th Cir. Sept. 13, 2024). The foregoing is merely a recent search of awards and is not intended to be a comprehensive review of all awards.

### 2.    Tuggle Duggins' usual and customary rates are reasonable.

Similarly, the Motion Plaintiffs have provided detailed summaries of the time worked  by Tuggle Duggins in these matters. As documented in the spreadsheets in Exhibits F (*Chapman*), I (*Mohorn*), and K (*Wood*), broken down by matter, date, timekeeper, time worked, the applicable rate for the services provided on that date, the total fees related to that work, and a detailed description of the work done.  *Hensley*, 461 U.S. at 433. These time entries have been reviewed extensively, as discussed in Mr. Duggins' Declaration, attached as Exhibit N.  Mr. Duggins' Declaration details his efforts as the Chairman of Tuggle Duggins to update hourly rates on an annual basis, and provides a comparison of the rates at Tuggle Duggins versus rates awarded in cases in North Carolina.

The rates for Tuggle Duggins attorneys and paralegal staff, by calendar year, as billed in these matters, are shown below:

| Timekeeper[25] | Title | 2020[26] | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|
| J. Nathan Duggins, III | Chairman | $420 | $430 | $450 | $495 | $520 | $560 | $590 |
| Michael S. Fox | Director | | $430 | $450 | $475 | $520 | $560 | $590 |
| Jason B. Sparrow | Director | $325 | $335 | $350 | $385 | $405 | $435 | $450 |
| Patrick S. Lineberry | Director | | | $350 | | | | |
| Andrew B. Bowman | Director | | | $325 | | $470 | | |
| Shawn V. Poole | Associate/Director | | $220 | $240 | $260 | $290 | $320 | $365 |
| Kaitlyn D. Jackson | Paralegal | | | $180 | $180 | $200 | | |
| Joanne S. Parsons | Paralegal | | | $190 | | | | |
| Martha B. Bailey | Paralegal | | | $190 | | | | |

As discussed in Mr. Duggins' Declaration, the hourly rates for Tuggle Duggins attorneys' and staff are their actual hourly rates, and those rates are readily comparable to rates found reasonable in

---

[25] Note:  This information applies in the aggregate, as each matter has a different combination of timekeepers, and not every timekeeper will have time billed for each fiscal year in every matter. *See* Exhibits F, I, and K.

[26] Tuggle Duggin adjusts its rates every calendar year.

North Carolina courts. (Exhibit N.) As with the rates discussed for Lewis Rice—the rates charged and incurred are not a windfall. Tuggle Duggins' usual and customary rates are reasonable.

> **C.    Motion Plaintiffs have provided "adequate evidence" of the hours worked in these matters, and the reasonability of those hours.**

Having discussed the usual and customary rates charged by Lewis Rice and Tuggle Duggins, and the reasonability of those rates, the Motion Plaintiffs will next discuss the actual time billed (and incurred) in each of these matters. As noted above, this information can be seen in each of the following spreadsheets:

| Matter | Attorneys' Fees | |
| --- | --- | --- |
| | Lewis Rice | Tuggle Duggins |
| *Agapion* | **Exhibits D-1, D-3** | |
| *Chapman* | **Exhibit E-1, E-3** | **Exhibit F** |
| *Goodhue* | **Exhibit G-1** | |
| *Mohorn* | **Exhibit H-1** | **Exhibit I** |
| *Wood* | **Exhibit J-1** | **Exhibit K** |
| *Black* | **Exhibit L-1** | |

with each entry broken down by date, timekeeper, time worked, the aforementioned rates for each timekeeper on the date the work was done, the total fees for that work, and a detailed description of the work done. *See Hensley*, 461 U.S. at 433. These entries have been reviewed by their respective undersigned counsel. (*See* Exhibits M and N.)

As already discussed, the first step in calculating reasonable attorneys' fees is to review the reasonableness of the hours expended, *see Bywaters*, 670 F.3d at 1229 (citing *Hensley*, 461 U.S. at 434), relying on "adequate evidence supporting the amount of hours worked." *Hensley*, 461 U.S. at 433. *Preseault*, 52 Fed. Cl. at 669. Though the Court must exclude time which is "excessive, redundant, or otherwise unnecessary," *Hensley,* 461 U.S. at 434, any such time has already been removed prior to submission of the above spreadsheets to the Court.

31

To assist the Court, the Motion Plaintiffs have compiled the information in Exhibits D through L, and summarized them by case below.

          **1.**     *Agapion* **– The 1,069.2 hours worked, as depicted in Exhibit D-1 and D-3, are reasonable, as is the total amount of attorneys' fees requested: $496,615.00.**

Although the requests for the *Goodhue, Mohorn, Wood*, and *Black* matters (shown below) are relatively straightforward, the Motion Plaintiffs note that they previously sought reimbursement for reasonable attorneys' fees and litigation expenses for all Plaintiffs in *Agapion* and *Chapman*.  The Court stayed briefing on the Fee Motion (*see, e.g., Agapion*, ECF No. 303), and the parties ultimately settled the attorneys' fees and litigation expenses for all but the Motion Plaintiffs' in *Agapion* and *Chapman*, (*see, e.g., Agapion*, ECF Nos. 304, 311), agreeing with the United States to preserve an amount for these remaining claims.

Specific to *Agapion*, Lewis Rice provided 945.7 hours of attorney and staff time, totaling $441,721.50 through March 20, 2024.  This information was provided to the United States prior to the settlement between the parties, with an agreement that the Motion Plaintiffs would seek reimbursement for this amount once a ruling was reached as to the Motion Plaintiffs.[27]  This information can be seen in Exhibit D-1.  Since that time, Lewis Rice has provided an additional 123.5 hours of attorney and staff time, totaling $54,893.50, which can be seen in Exhibit D-3.  This time, broken down by time period and timekeeper, is as follows:

---

[27] The Motion Plaintiffs are cognizant of the limitations of settlement disclosures under Rule 408 of the Federal Rules of Evidence, and the Court's general admonition against sharing of correspondence between counsel.  As such, correspondence memorializing these agreements are not being provided at this time, but can be produced upon request.

| Timekeeper | Exhibit D-1 | | Exhibit D-3 | | Total | |
|---|---|---|---|---|---|---|
| | Total Hours | Total Billed | Total Hours | Total Billed | Total Hours | Total Billed |
| Lindsay S.C. Brinton | 194.2 | $ 130,640.50 | 27.2 | $ 20,414.00 | 221.4 | $ 151,054.50 |
| Meghan S. Largent | 147.7 | $ 99,450.00 | 6.7 | $ 5,029.50 | 154.4 | $ 104,479.50 |
| Evan Z. Reid | 66.1 | $ 42,965.00 | | | 66.1 | $ 42,965.00 |
| Michael Armstrong | 141.9 | $ 73,559.00 | 26.1 | $ 14,780.00 | 168.0 | $ 88,339.00 |
| T. Hunter Brown | 5.9 | $ 2,714.00 | | | 5.9 | $ 2,714.00 |
| Lucas D. Jackson | 71.3 | $ 29,412.00 | | | 71.3 | $ 29,412.00 |
| Ryan T. Harding | 2.0 | $ 690.00 | | | 2.0 | $ 690.00 |
| Kolten C. Ellis | 12.0 | $ 3,900.00 | | | 12.0 | $ 3,900.00 |
| Devin A. Hayes | 1.7 | $ 467.50 | | | 1.7 | $ 467.50 |
| Evan P. Jefferson | 3.9 | $ 1,092.50 | | | 3.9 | $ 1,092.50 |
| Patrick F. Ganninger | 0.9 | $ 216.00 | | | 0.9 | $ 216.00 |
| Marlee L. Rowe | | | 4.4 | $ 1,709.50 | 4.4 | $ 1,709.50 |
| Meredith Shrinivas | 183.4 | $ 39,378.50 | 33.0 | $ 7,431.50 | 216.4 | $ 46,810.00 |
| Tyler E. Fear | 24.2 | $ 5,308.00 | | | 24.2 | $ 5,308.00 |
| Courtney Ham | 3.9 | $ 848.50 | | | 3.9 | $ 848.50 |
| Jack Perryman | 1.1 | $ 220.00 | | | 1.1 | $ 220.00 |
| Kathleen E. Mills | | | 5.9 | $ 1,327.50 | 5.9 | $ 1,327.50 |
| Connor M. Renz | | | 0.2 | $ 48.00 | 0.2 | $ 48.00 |
| Betty Alvey | | | 7.0 | $ 1,672.00 | 7.0 | $ 1,672.00 |
| Aedan Winger | | | 0.1 | $ 24.00 | 0.1 | $ 24.00 |
| Aleanah Arraya | 41.5 | $ 5,225.00 | 4.6 | $ 1,150.00 | 46.1 | $ 6,375.00 |
| Anna Roland | 0.9 | $ 112.50 | | | 0.9 | $ 112.50 |
| Amanda Welker | 15.1 | $ 2,022.50 | | | 15.1 | $ 2,022.50 |
| Daniel Frew | 16.8 | $ 2,100.00 | | | 16.8 | $ 2,100.00 |
| Zariah D. Jones | 11.2 | $ 1,400.00 | 2.9 | $ 507.50 | 14.1 | $ 1,907.50 |
| Jasmine Bouckaert | | | 5.4 | $ 800.00 | 5.4 | $ 800.00 |
| **Total (*Agapion*-LR)** | **945.7** | **$ 441,721.50** | **123.5** | **$ 54,893.50** | **1,069.2** | **$ 496,615.00** |

The above time, as broken down in detail in Exhibit D-1 and D-3, illustrates the efforts by each individual listed above to result in a successful outcome in this matter without "excessive, redundant, or otherwise unnecessary time entries." *See Hensley,* 461 U.S. at 434.

33

2.    *Chapman* – **The 937.9  hours worked, as depicted in Exhibits E-1, E-3, and F, are reasonable, as is the total amount of attorneys' fees requested:  $450,025.00.**

As noted above, the *Agapion* and *Chapman* Plaintiffs filed a Fee Application, which was later stayed, and then settled as to all *Agapion* and *Chapman* Plaintiffs not part of the second trial, with attorneys' fees and costs related to those Plaintiffs preserved for this Motion.  Specific to *Chapman*, Lewis Rice provided 800.5 hours of attorney and staff time, totaling $389,757.50 through March 20, 2024.  This information was provided to the United States prior to the settlement between the parties, with an agreement that the Motion Plaintiffs would seek reimbursement for this amount once a ruling was reached as to the Motion Plaintiffs.  This information can be seen in Exhibit E-1.  Since that time, Lewis Rice has provided an additional 91.6 hours of attorney and staff time, totaling $46,090.50, which can be seen in Exhibit E-3.  (*See also* Exhibt M.) The cumulative time,  broken down by time period and timekeeper, is as follows:

| Timekeeper | Exhibit E-1 | | Exhibit E-3 | | Total | |
|---|---|---|---|---|---|---|
| | Total Hours | Total Billed | Total Hours | Total Billed | Total Hours | Total Billed |
| Lindsay S.C. Brinton | 169.8 | $ 114,573.50 | 27.4 | $ 20,261.00 | 197.2 | $ 134,834.50 |
| Meghan S. Largent | 133.6 | $ 90,001.50 | 5.1 | $ 3,761.50 | 138.7 | $ 93,763.00 |
| Evan Z. Reid | 64.6 | $ 41,990.00 | | | 64.6 | $ 41,990.00 |
| Michael Armstrong | 138.6 | $ 71,835.50 | 25.7 | $ 14,599.00 | 164.3 | $ 86,434.50 |
| T. Hunter Brown | 6.5 | $ 2,990.00 | | | 6.5 | $ 2,990.00 |
| Lucas D. Jackson | 50.9 | $ 21,059.00 | | | 50.9 | $ 21,059.00 |
| Ryan T. Harding | 1.2 | $ 438.00 | | | 1.2 | $ 438.00 |
| Kolten C. Ellis | 3.3 | $ 1,072.50 | | | 3.3 | $ 1,072.50 |
| Evan P. Jefferson | 2.3 | $ 647.50 | | | 2.3 | $ 647.50 |
| Patrick F. Ganninger | 0.1 | $ 24.00 | | | 0.1 | $ 24.00 |
| Marlee L. Rowe | | | 0.1 | $ 32.50 | 0.1 | $ 32.50 |
| Meredith Shrinivas | 151.3 | $ 32,565.50 | 24.1 | $ 5,425.00 | 175.4 | $ 37,990.50 |
| Tyler E. Fear | 24.4 | $ 5,352.00 | | | 24.4 | $ 5,352.00 |
| Courtney Ham | 3.2 | $ 701.00 | | | 3.2 | $ 701.00 |
| Kathleen E. Mills | | | 0.4 | $ 90.00 | 0.4 | $ 90.00 |

34

| Timekeeper | Exhibit E-1 | | Exhibit E-3 | | Total | |
| --- | --- | --- | --- | --- | --- | --- |
| | Total Hours | Total Billed | Total Hours | Total Billed | Total Hours | Total Billed |
| Betty Alvey | | | 4.4 | $ 1,050.00 | 4.4 | $ 1,050.00 |
| Aedan Winger | | | 0.1 | $ 24.00 | 0.1 | $ 24.00 |
| Aleanah Arraya | 27.5 | $ 3,487.50 | 1.6 | $ 400.00 | 29.1 | $ 3,887.50 |
| Amanda Welker | 11.0 | $ 1,495.00 | | | 11.0 | $ 1,495.00 |
| Daniel Frew | 8.1 | $ 1,012.50 | | | 8.1 | $ 1,012.50 |
| Zariah D. Jones | 4.1 | $ 512.50 | 1.7 | $ 297.50 | 5.8 | $ 810.00 |
| Jasmine Bouckaert | | | 1.0 | $ 150.00 | 1.0 | $ 150.00 |
| **Total (*Chapman*-LR)** | **800.5** | **$ 389,757.50** | **91.6** | **$ 46,090.50** | **892.1** | **$ 435,848.00** |

Tuggle Duggins request for its reasonable attorneys' fees is summarized from the information in Exhibit F (*see also* Exhibit N), and is shown below:

| Tuggle Duggins | | |
| --- | --- | --- |
| Timekeeper | Total Hours | Total Billed |
| J. Nathan Duggins, III | 43.5 | $ 19,832.50 |
| Michael S. Fox | 21.4 | $ 9,636.50 |
| Jason B. Sparrow | 97.5 | $ 35,343.00 |
| Shawn V. Poole | 75.0 | $ 17,801.00 |
| **Total (*Chapman*-TD)** | **45.8** | **$ 14,177.00** |
| **Total (*Chapman*)** | **937.9** | **$ $450,025.00** |

The above time, as broken down in detail in Exhibits E-1, E-3, and F, illustrates the efforts by each individual listed above, resulting in a successful outcome in this matter without "excessive, redundant, or otherwise unnecessary time entries." *See Hensley,* 461 U.S. at 434.

> 3. ***Goodhue* – The 1,164.2 hours worked, as depicted in Exhibit G-1, are reasonable, as is the total amount of attorneys' fees requested: $490,253.50.**

The remaining requests for the reimbursement of reasonable attorneys' fees are more straightforward. The detailed information shown in Exhibit G-1 has been broken down by

35

timekeeper, illustrating the efforts by each listed individual, leading to a successful outcome without "excessive, redundant, or otherwise unnecessary time entries." *Hensley,* 461 U.S. at 434.

| Timekeeper | Total Hours | Total Billed |
|---|---|---|
| Lindsay S.C. Brinton | 267.4 | $ 178,025.50 |
| Meghan S. Largent | 140.1 | $ 94,310.00 |
| Michael Armstrong | 163.1 | $ 84,088.00 |
| T. Hunter Brown | 4.8 | $ 2,183.50 |
| Lucas D. Jackson | 107.2 | $ 43,846.50 |
| Ryan T. Harding | 2.1 | $ 718.50 |
| Kolten C. Ellis | 4.1 | $ 1,332.5 |
| Evan P. Jefferson | 0.7 | $ 227.50 |
| Patrick F. Ganninger | 0.2 | $ 46.50 |
| Meredith Shrinivas | 275.8 | $ 58,661.00 |
| Tyler E. Fear | 0.7 | $ 149.00 |
| Courtney Ham | 12.4 | $ 2,611.00 |
| Jack Perryman | 0.2 | $ 40.00 |
| Kathleen E. Mills | 0.1 | $ 22.50 |
| Mersiha Mustabasic | 0.3 | $ 69.00 |
| Connor M. Renz | 1.1 | $ 253.00 |
| Betty Alvey | 4.1 | $ 979.00 |
| Aedan Winger | 0.1 | $ 24.00 |
| Aleanah Arraya | 33.5 | $ 4,275.00 |
| Anna Roland | 19.9 | $ 2,301.50 |
| Amanda Welker | 10.1 | $ 1,372.50 |
| Daniel Frew | 16.3 | $ 2,037.50 |
| Zariah D. Jones | 94.8 | $ 11,915.00 |
| Jasmine Bouckaert | 5.1 | $ 765.00 |
| **Total (*Goodhue*-LR)** | **1,164,2** | **$ 490,253.50** |

4.    *Mohorn* – **The 1390.0 hours worked, as depicted in Exhibits H-1 and I, are reasonable, as is the total amount of attorneys' fees requested: $570,583.00.**

Lewis Rice and Tuggle Duggins have broken down the detailed information shown in Exhibits H-1 and I, respectively, by timekeeper as shown below, and this information illustrates

36

the efforts by each listed individual to result in a successful outcome in this matter without "excessive, redundant, or otherwise unnecessary time entries." *See Hensley,* 461 U.S. at 434.

| Lewis Rice | | |
|---|---|---|
| **Timekeeper** | **Total Hours** | **Total Billed** |
| Lindsay S.C. Brinton | 261.5 | $ 174,590.50 |
| Meghan S. Largent | 119.9 | $ $80,949.00 |
| Michael Armstrong | 168.1 | $ 86,679.50 |
| T. Hunter Brown | 20.3 | $ 9,313.50 |
| Lucas D. Jackson | 93.8 | $ 38,444.00 |
| Ryan T. Harding | 4.5 | $ 1,502.50 |
| Kolten C. Ellis | 3.4 | $ 1,105.00 |
| Evan P. Jefferson | 3.6 | $ 990.00 |
| Patrick F. Ganninger | 0.3 | $ 69.00 |
| Meredith Shrinivas | 307.6 | $ 64,981.50 |
| Tyler E. Fear | 23.6 | $ 5,182.00 |
| Courtney Ham | 6.2 | $ 1,305.00 |
| Jack Perryman | 0.3 | $ 60.00 |
| Betty Alvey | 2.7 | $ 648.00 |
| Aleanah Arraya | 28.8 | $ 3,675.00 |
| Anna Roland | 9.8 | $ 1,133.00 |
| Amanda Welker | 10.3 | $ 1,395.00 |
| Daniel Frew | 7.8 | $ 975.00 |
| Zariah D. Jones | 12.8 | $ 1,650.00 |
| Jasmine Bouckaert | 4.9 | $ 735.00 |
| **Total (*Mohorn*-LR)** | **1,090.2** | **$ 475,382.50** |
| Tuggle Duggins | | |
| **Timekeeper** | **Total Hours** | **Total Billed** |
| J. Nathan Duggins, III | 43.5 | $ 19,832.50 |
| Michael S. Fox | 21.4 | $ 9,636.50 |
| Jason B. Sparrow | 97.5 | $ 35,343.00 |
| Patrick S. Lineberry | 1.6 | $ 560.00 |
| Andrew B. Bowman | 4.1 | $ 1,386.50 |
| Shawn V. Poole | 75.0 | $ 17,801.00 |

| Lewis Rice | | |
|---|---|---|
| **Timekeeper** | **Total Hours** | **Total Billed** |
| Matthew B. Hoyt | 10.4 | $ 2,288.00 |
| Kaitlyn D. Jackson | 44.4 | $ 7,992.00 |
| Martha B. Bailey | 1.9 | $ 361.00 |
| **Total (*Mohorn*-TD)** | **299.8** | **$ 95,200.50** |
| **Total (*Mohorn*)** | **1,390.0** | **$ 570,583.00** |

5.      *Wood* – **The 863.7 hours worked, as depicted in Exhibits J-1 and K, are reasonable, as is the total amount of attorneys' fees requested: $344,467.00.**

Lewis Rice and Tuggle Duggins have broken down the detailed information shown in Exhibits J-1 and K, respectively, by timekeeper as shown below, and this information illustrates the efforts by each listed individual to result in a successful outcome in this matter without "excessive, redundant, or otherwise unnecessary time entries." *See Hensley,* 461 U.S. at 434.

| **Timekeeper** | **Total Hours** | **Total Billed** |
|---|---|---|
| Lindsay S.C. Brinton | 135.0 | $ 92,467.00 |
| Meghan S. Largent | 76.9 | $ 52,438.50 |
| Michael Armstrong | 143.6 | $ 74,444.50 |
| T. Hunter Brown | 6.6 | $ 3,011.50 |
| Lucas D. Jackson | 58.0 | $ 23,903.00 |
| Ryan T. Harding | 1.0 | $ 365.00 |
| Kolten C. Ellis | 3.3 | $ 1,072.50 |
| Evan P. Jefferson | 2.1 | $ 577.50 |
| Patrick F. Ganninger | 0.2 | $ 46.50 |
| Meredith Shrinivas | 159.4 | $ 34,220.50 |
| Tyler E. Fear | 23.1 | $ 5,079.00 |
| Courtney Ham | 2.8 | $ 610.00 |
| Jack Perryman | 1.2 | $ 240.00 |
| Kathleen E. Mills | 0.1 | $ 22.50 |
| Connor M. Renz | 0.7 | $ 165.00 |
| Betty Alvey | 3.5 | $ 838.00 |

38

| Timekeeper | Total Hours | Total Billed |
|---|---|---|
| Aleanah Arraya | 28.7 | $ 3,675.00 |
| Anna Roland | 0.3 | $ 36.50 |
| Amanda Welker | 5.5 | $ 785.00 |
| Daniel Frew | 8.2 | $ 1,025.00 |
| Zariah D. Jones | 7.7 | $ 1,060.50 |
| Jasmine Bouckaert | 5.6 | $ 840.00 |
| **Total (*Wood*)** | **673.5** | **$ 296,923.00** |
| **Tuggle Duggins** | | |
| Timekeeper | Total Hours | Total Billed |
| J. Nathan Duggins, III | 5.6 | $ 2,478.00 |
| Michael S. Fox | 2.3 | $ 1,011.00 |
| Jason B. Sparrow | 7.8 | $ 2,838.00 |
| Andrew B. Bowman | 5.8 | $ 1,885.00 |
| Shawn V. Poole | 131.3 | $ 32,589.00 |
| Kaitlyn D. Jackson | 36.9 | $ 6,648.00 |
| Joanne S. Parsons | 0.5 | $ 95.00 |
| **Total (*Wood*-TD)** | **190.2** | **$ 47,544.00** |
| **Total (*Wood*)** | **863.7** | **$ 344,467.00** |

6.    *Black* – **The 687.0 hours worked, as depicted in Exhibits L-1, are reasonable, as is the total amount of attorneys' fees requested: $309,079.50.**

Finally, Lewis Rice has broken down the detailed information shown in Exhibit L-1 by timekeeper as shown below. This information illustrates the efforts by each listed individual to result in a successful outcome in this matter without "excessive, redundant, or otherwise unnecessary time entries." *See Hensley,* 461 U.S. at 434.

39

| Timekeeper | Total Hours | Total Billed |
|---|---|---|
| Lindsay S.C. Brinton | 136.4 | $ 93,182.00 |
| Meghan S. Largent | 74.5 | $ 50,998.00 |
| Evan Z. Reid | 21.4 | $ 13,910.00 |
| Michael Armstrong | 145.0 | $ 75,092.50 |
| T. Hunter Brown | 5.7 | $ 2,597.50 |
| Lucas D. Jackson | 57.7 | $ 23,844.50 |
| Ryan T. Harding | 1.0 | $ 365.00 |
| Kolten C. Ellis | 3.2 | $ 1,040.00 |
| Evan P. Jefferson | 4.0 | $ 1,100.00 |
| Patrick F. Ganninger | 0.2 | $ 46.50 |
| Meredith Shrinivas | 151.8 | $ 32,601.50 |
| Tyler E. Fear | 23.5 | $ 5,167.00 |
| Courtney Ham | 3.0 | $ 656.00 |
| Jack Perryman | 4.1 | $ 820.00 |
| Kathleen E. Mills | 0.1 | $ 22.50 |
| Betty Alvey | 3.2 | $ 761.00 |
| Aedan Winger | 0.1 | $ 24.00 |
| Aleanah Arraya | 28.6 | $ 3,662.50 |
| Anna Roland | 0.2 | $ 24.00 |
| Amanda Welker | 7.6 | $ 1,070.00 |
| Daniel Frew | 7.8 | $ 975.00 |
| Zariah D. Jones | 5.2 | $ 715.00 |
| Jasmine Bouckaert | 2.7 | $ 405.00 |
| **Total (*Black*)** | **687.0** | **$ 309,079.50** |

Across the six matters, the Motion Plaintiffs seek total reimbursement for their reasonable attorney's fees incurred as follows:

| Attorney's Fees | | |
|---|---|---|
| Firm | Total Hours | Total Billed |
| **Tuggle Duggins** | **535.8** | **$156,921.50** |
| **Lewis Rice** | **5,576.2** | **$2,504,101.50** |
| **Total** | **6,112.0** | **$2,661,023.00** |

40

**D.      Motion Plaintiffs have provided "adequate evidence" of their reasonable litigation expenses.**

The URA also permits reimbursement to a prevailing Plaintiff of reasonable litigation expenses actually incurred in connection with the case.  42 U.S.C. § 4654(c).  Just as attorneys' fees must be reasonable and necessary, so too must litigation expenses.  The trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the Court, which expenses are those customarily charged to the client where the case is tried.  *See Oliveira v. United States*, 827 F.2d 744 (9th Cir. 1987); *R.C. Const. Co., Inc. v. United States*, 42 Fed. Cl. 57, 63-64 (Fed. Cl. 1998).

Lewis Rice's reasonable litigation costs are shown below[28]. For *Agapion* and *Chapman*, this includes those costs previously discussed with the United States that the Motion Plaintiffs would be seeking.  For each matter, invoices greater than $100.00 have been collected and provided as a separate exhibit, as shown below:

| Matter | Litigation Costs | Expenses Exhibit(s) | Invoice Exhibits |
|--------|------------------|---------------------|------------------|
| *Agapion* | $128,140.70 | **D-2, D-4** | **S** |
| *Chapman* | $129,183,82 | **E-2, E-4** | **T** |
| *Goodhue* | $169,333.26 | **G-2** | **U** |
| *Mohorn* | $364,963.02 | **H-2** | **V** |
| *Wood* | $72,842.11 | **J-2** | **W** |
| *Black* | $62,308.54 | **L-2** | **X** |
| **Total** | **$926,771.45** | | |

As shown in Ms. Brinton's Declaration (Exhibit M), these expenses have been reviewed prior to submission to the Court.  Taken together, with the above attorneys' fees, the Motion Plaintiffs seek total reimbursement under the URA of **$3,587,794.45.**

---

[28] Tuggle Duggins did not have any additional litigation expenses.

41

## IV.    CONCLUSION

Undersigned counsel, on behalf of the Motion Plaintiffs, litigated their claims to a successful resolution, after significant discovery, detailed motion practice, and a valuation trial, ultimately recovering just compensation and interest for each of the landowners, for the value of their property taken as a result of the Surface Transportation Board's invocation of the National Trails System Act in October 2019.  Accordingly, and pursuant to this Court Opinion and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Motion Plaintiffs submit to this Court a request for **$3,587,794.45**, consisting of **$2,661,023.00** in attorneys' fees and **$926,771.45**, in litigation expenses.

Date:  <u>July 17, 2026</u>                    Respectfully submitted,

**LEWIS RICE, LLC**                     **TUGGLE DUGGINS, P.A.**

*/s/ Lindsay S.C. Brinton*                  */s/ J. Nathan Duggins, III*
   Lindsay S.C. Brinton                      J. Nathan Duggins, III
   Meghan S. Largent                         Michael S. Fox
   Michael Armstrong                         Jason B. Sparrow
   600 Washington Ave., Suite 2500           100 North Greene St., Suite 600
   St. Louis, MO  63101                      Greensboro, North Carolina 27402
   (314) 444-7723                            (336) 271-5244
   (314) 612-7723 (facsimile)                (336) 274-6590 (facsimile)
   lbrinton@lewisrice.com                    nduggins@tuggleduggins.com

*Attorneys for Plaintiffs*